JOHN GREY, Appellant, *against* ALANSON CARY *et al.*, Respondents.

(Decided December 6th, 1880.)

Under an oral agreement for the purchase of a scale by the defendants from the plaintiff, for the sum of sixty dollars, to be paid on delivery of the scale, it was taken, for the purpose of delivery, to the office of the defendants, upon a truck driven by the plaintiff's carman. He entered the defendants' office, and, handing the plaintiff's bill, said he had the scale on his truck. He was told to drive it into a back yard, and, in attempting to do so, accidentally caused the scale to be broken. *Held*, that there had been no receipt of the scale by the purchasers sufficient to take the case out of the statute of frauds.

APPEAL from the judgment of a district court in the city of New York.

The action was brought to recover the price of a scale alleged by the plaintiff to have been sold and delivered by him to the defendants. The facts are stated in the opinion. At the trial the justice rendered judgment for the defendants. From the judgment the plaintiff appealed.

VAN HOESEN, J.—The defendants made an oral contract with the plaintiff for the purchase of a scale of the Fairbanks' patent, for the sum of sixty dollars. It is conceded that the contract would be void, under the statute of frauds, unless there has been an acceptance and a receipt of the scale by the purchasers. The scale was seen and selected by the defendants before the purchase, so that there is no doubt of the acceptance.

The difficulty is, that there was no receipt of the scale by the defendants. Had the scale been delivered to a common carrier, selected by either the plaintiff or the defendants, we should be bound by the authorities to hold that it was received by the defendants (2 Kent Comm. marg. p. 499 ; Benjamin on Sales, § 181). Though a carrier selected by the seller cannot accept goods, so as to take a contract out of the statute, it is settled that where a purchaser himself has accepted the goods, a delivery to any common carrier will be regarded as a receipt of the goods by the purchaser. In the case before us, the carman who undertook the delivery of the scale was the servant of the plaintiff. He was not a public carrier. The case is the same, therefore, as if the plaintiff had undertaken to drive the truck himself, and had broken the scale on his journey. It is said that there was an actual receipt of the scale by the defendants. I think not. When the driver arrived at the defendants' office, he entered, and handing the plaintiff's bill, said he had the scale on his truck. He was told to drive it into a back yard, and in attempting to do so he accidentally caused the scale to be broken. Undoubtedly, the understanding of all parties was, that the scale, which was a very large one, was not to go into the office, but into the place where it was to be used ; and the driver was about his master's business and not in the service of the defendants when he attempted to drive into the yard. The scale was to be paid for on delivery, and the right of the plaintiff to retain it until he had been paid, was unquestionable. His lien was not terminated by the driver's announcement that the scale had arrived, and his presentation of the bill. Until the goods had come into the actual possession and control of the purchaser, or until the seller's lien—by which I do not mean the right of stoppage *in transitu*—until the seller's lien was at an end, there was not, in contemplation of law, a receipt of the goods by the defendants (2 Kent Comm. marg. p. 492, note 1, by Judge Wm. Kent ; *Barr* v. *Logan*, 5 Harring. 52 ; *Hungate* v. *Runkin*, 20 Ill. 639 ; Hilliard on Sales, c. xvi. 3 ed.)..

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.