VIETOR *et al.* v. STROOCK.

*(City Court of New York, General Term.*  February 14, 1889.)

FRAUDS, STATUTE OF—SALE OF CHATTELS—ACCEPTANCE AND RECEIPT.

Defendant called at plaintiffs' place of business, and, after an examination of certain goods, expressed himself as satisfied with them, and said that he would take them.  The price was agreed on, and he was informed that the goods would be sold as they were exhibited to him.  The goods were then sent to defendant's place of business, and left there.  *Held,* that such a receipt and acceptance of the same were established as to satisfy the statute of frauds, and the defendant could not return them.

Appeal from trial term.

The action is brought by George F. Vietor and others against Louis F Stroock, for goods sold and delivered.  The answer is a general denial.  Plaintiffs' witnesses testified substantially that in March, 1880, upon invitation, the defendant, Samuel Stroock, (now deceased,) called at plaintiffs' place of business in New York city, and partially examined certain goods, called "Chinchillas," contained in 10 cases.  He subsequently called again, in company with a Mr. Strauss, his book-keeper, and he was requested to examine all or as many of the goods as he desired, all the cases having been opened.  After this examination, Mr Stroock expressed himself satisfied, and stated that he had examined all he wanted to.  Thereupon the price—70 cents per yard— was agreed upon.  He was expressly informed that the goods would be sold "as are," that is, not of first quality or grade, but in bulk, such as they were exhibited to him.  The defendant and Mr. Strauss then said they would take the goods, which were then sent to the defendant's place of business.  The goods remained at the latter place, unopened, some 10 days; at least so the defendant testifies, there being no testimony on the part of plaintiffs on that subject.  When the defendant opened the cases, as he alleged, he found that the goods were not what he had purchased, and therefore offered to return them, declining to accept.  Plaintiffs' salesman endeavored to compromise the matter by offering a reduction of from 5 to $7\frac{1}{2}$ per cent. upon the total amount, but it was not accepted; defendants persisting in their rejection of the goods. Upon these facts a motion to dismiss was made, on the ground that the sale was within the statute of frauds, and consequently void, which motion was denied, under exception.  The case was given to the jury upon the question of acceptance, and a verdict was rendered in favor of the plaintiffs.  Defendant's motion for a new trial was denied; hence this appeal.

Argued before NEHRBAS and McGOWN, JJ

*Jacobs Bros.,* for appellant.  *Blumenstiel & Hirsch,* for respondents.

NEHRBAS, J   In considering the reasons for the enactment of the statute of frauds, it seems to us that one of the main objects to be accomplished was to do away with the making of contracts by mere word of mouth.  Language, however strong, could not form the basis of a legal agreement  Some act was required to be done by a purchaser before he could be bound; so that an acceptance and a reception of goods by him would be valid, not by reason of any verbal statements he might make, but by some action taken by him or on his behalf.  This principle was laid down in *Shindler* v *Houston,* 1 N Y. 261, and is, in our judgment, a correct exposition of the law in view of the purpose of the statute.  The case of *Cross* v *O'Donnell,* 44 N. Y. 661, however, seems to us to be a departure from this rule.  In that case the defendants gave a verbal order to plaintiffs to deliver 24,000 barrel hoops to a common carrier selected by the defendants.  The latter had previously examined the hoops, and had expressed their satisfaction concerning them by word of mouth.  It was held that acceptance might precede delivery, and that the defendants' verbal admission that the goods were satisfactory was a sufficient acceptance, if followed up by actual delivery to the carrier.  The goods hav-

ing been lost in transit, the verdict of the jury in plaintiffs' favor was sustained. The court, EARL, C., says: "There is nothing in the statute which requires that the accepting and receiving shall be at the same time. Either may precede the other; and, after both have concurred, the statute has been complied with, and the contract becomes operative and valid. *McKnight* v. *Dunlop*, 5 N. Y 537. The defendants agreed to take these identical hoops, and, after receiving them, and thus fully complying with the statute, they could not reject them upon any objection to their quality." See, also, *Allard* v. *Greasert*, 61 N. Y 1. So, in the case of *Grey* v. *Cary*, 9 Daly, 363, an oral agreement for the purchase of a scale was made by the defendants for $60, to be paid on delivery It was taken, for the purpose of delivery, to the office of defendants, upon a truck driven by plaintiff's car-man. He entered the defendants' office, and, handing the plaintiff's bill, said he had the scale on his truck. He was told to drive it into the back yard, and, in attempting to do so, accidentally caused the scale to be broken. Held, that there had been no receipt of the scale by the purchasers sufficient to take the case out of the statute of frauds. VAN HOESEN. J., delivering the opinion of the court, says: "The scale was seen and selected by the defendants before the purchase, so that there is no doubt of the acceptance. The difficulty is that there was no receipt of the scale by the defendants." Applying this interpretation of the statute to the case at bar, it seems to us that by the examination made of the goods by Mr. Stroock and his book-keeper, and his agreement to pay 70 cents per yard for the same, his acceptance of the goods was established. We must take the plaintiffs' version of the verbal agreement, since the jury have found in their favor. The goods came into defendant's possession, as the delivery is admitted by the defendant's witnesses. Under *Cross* v. *O'Donnell, supra,* the defendant could not reject them upon any objection to their quality Receipt and acceptance were complete so as to satisfy the statute, and the contract of purchase and sale consummated. No fraud has been alleged or proven, and it seems the defendant had no right to return or offer to return the goods after his reception of them. For these reasons we feel bound to affirm the judgment and order appealed from, with costs. All concur.