[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 287 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 288 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 289 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 290 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 291 
These facts make an entirely different impression upon my mind, and when tested by the rules of law applicable to them, lead me to a different conclusion from the one adopted by the common pleas. The transaction in respect to the keys, instead of being conclusive, as the learned judge held, in favor of the respondent, is directly *Page 292 
the reverse. When offered to him, he declined receiving them because he had no insurance on the goods. But on the appellant assuring the respondent that he should have the benefit of his policies, the respondent directed the clerk, a third person, to take them for him, and he took them accordingly, which, in substance and legal effect, is the same as if he had received them himself.
The learning on the subject is collected, and the rules established by and deducible from it clearly presented in the case of Shindler v. Houston (1 Comst., 254). GARDINER, J., there says: "The acts of delivery and acceptance mentioned in the statute are something over and beyond the agreement of which they are a part performance, and which they assume as already existing." There are in this case two minor acts, significant of ownership, by the respondent, which I will barely mention. One is the expression of his assent to the delivery of the parcel to the customer; the other, his direction to the clerk to ascertain the price of the buttons and insert it in the inventory. But the two principal, and, in my judgment, controlling facts, are the taking of the inventory and acceptance of the keys. The taking of the inventory, with a heading such as it had, viz., a declaration that the respondent had bought the goods of the appellant, was a clear and unequivocal act of ownership. The manner, however, in which the inventory was taken was particularly significant. The respondent himself, with the aid of the clerk, handled the goods, took them into his manual possession, called off the different articles, by doing which he must have specified the quantity and quality of each. The handling and entering in the inventory in this manner, of each parcel of the goods, amounted, under the circumstances, to a designation and acceptance of it at the price inserted in the inventory.
The delivery and acceptance of the keys are still more decisive. That act alone is, according to several cases, a symbolical delivery, and of itself sufficient to take the case *Page 293 
out of the statute. (2 Kent Com., 4th ed., 500, and casesthere cited.) I do not, however, place my opinion on the symbol, but on the fact that, after the taking of the inventory, all that remained to be done to render the delivery and the acceptance of the stock of goods perfect, was to hand the respondent the keys and for him to receive them, both of which were done. It was the only remaining act which could be done to complete the business. The parties themselves so considered it; for when it was done, the appellant's sign was taken down in the presence of the respondent, and without objection from him.
The idea suggested and adopted by the court of common pleas, that the acceptance of the keys by the respondent was on condition that the policies should be assigned to him, is not supported by any proof in the case.
On the whole, I think the court of common pleas erred, not so much in taking the case from the jury as in deciding there was not a delivery and acceptance of the goods.