J. Thomas Jones, Appellant, *v.* George A. Reynolds,
Respondent.

The provision of the United States Revised Statutes (§ 4898) authorizing
the assignment, by instrument in writing, of a patent or an interest
therein, has reference solely to patents; it does not relate to an invention
which has not been patented.

Such an invention is the individual property of the inventor, and may be
sold and transferred by oral agreement.

Any act from which it may be inferred that a purchaser has taken pos-
session of the property purchased as owner presents a question for a
jury to determine, whether the act was done with intention to accept;
and so, as to whether there has been such a delivery as to take an oral
contract of sale out of the Statute of Frauds.

Where, therefore, in an action to recover the price which the complaint
alleged defendant agreed by parol to pay for a device invented by plain-
tiff, plaintiff's evidence was to the effect that defendant agreed to pay
the sum claimed for the device in case he made use thereof; that a model
of the invention was, at the time of the making of the oral contract
delivered to and retained by defendant; that defendant thereafter applied
for and obtained a patent which included plaintiff's device. *Held,* that
the case presented a question for the jury, and that a nonsuit was error.

(Argued March 18, 1890; decided April 15, 1890.)

Appeal from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made April, 1887, which affirmed a judgment in favor of
defendant, directed on trial at circuit.

This action was brought to recover $500 claimed to be due
on the sale of an invention by plaintiff to defendant.

The facts are sufficiently stated in the opinion.

*William Townsend* for appellant. The complaint states
facts sufficient to constitute a cause of action. (2 Kent's
Comm. 366; *Palmer* v. *De Witt,* 47 N. Y. 532, 537, 538;
2 Wait's Act. & Def. 243; 50 How. Pr. 194; *Tabor* v.
*Hoffman,* 41 Hun, 5; *Harman* v. *Barnes,* 26 How. Pr. 174;
*Kiernan* v. *M. Q. T. Co.,* 50 id. 194; *Potter* v. *McPherson,*
21 Hun, 559; *Peabody* v. *Norfold,* 98 Mass. 452; 2 Story's
Eq. Jur. § 952.) The verbal agreement to sell the plaintiff's

inchoate invention to the defendant was valid. (*Burr* v. *De La Vergne*, 102 N. Y. 415; Walker on Pat. § 274.) This contract was not void by the Statute of Frauds. (1 Benj. on Sales [3d ed.], §§ 162, 163, 195; *Marsh* v. *Rouse*, 44 N. Y. 643; *Parker* v. *Wallis*, 5 E. & B. 21.)

*Edward H. Risley* for respondent. The contract sued on was void, because it was for the sale of a completed, unpatented invention, and was not in writing. (U. S. R. S. §§ 4886, 4898; *Hurlburt* v. *Adams*, 4 Mass. 15; *Gaylord* v. *Wilder*, 10 How. [U. S.] 490.) The plaintiff cannot recover, even though the defendant had used the invention, without averring and proving the offer to execute the specifications, and to make and tender a written assignment of the invention, in order to make available to defendant what he had purchased. (U. S. R. S. § 4898; *Sumner's Appeal*, 58 Penn. St. 155; *Belcher* v. *Whittemore*, 134 Mass. 330; *Burr* v. *De La Vergne*, 102 N. Y. 415.) The verbal agreement was void, under the Statute of Frauds. (*Shindler* v. *Houston*, 1 N. Y. 361; *Rogers* v. *Phillips*, 40 id. 519; *Marsh* v. *Rouse*, 44 id. 643.) The patent granted to defendant was neither a "use" nor an appropropriation of the plaintiff's invention, within the letter or spirit of the verbal agreement. (Walker on Pat. § 349.) The use of the plaintiff's "thimble, catch and spring" would be an infringement on Edward S. Kingston's patent. It was competent and proper to show its worthlessness in defense. Assuming that a valid contract had been proven, it constituted a defense to the suit brought to recover the purchase-price of the invention. (*Cross* v. *Huntley*, 13 Wend. 385; *Head* v. *Stevens*, 19 id. 411; *Sexton* v. *Dodge*, 57 Barb. 84; *Hartell* v. *Tilghman*, 99 U. S. 547.)

PARKER, J. The plaintiff invented and applied to a metal shoe-last a device which both plaintiff and defendant believed to be an improvement.

Such device was the individual property of the inventor, and as such the subject of sale by him. (2 Kent's Comm.

366 ; 50 How. Pr. 194 ; *Palmer* v. *De Witt*, 47 N. Y. 532 ; *Tabor* v. *Hoffman*, 27 N. Y. S. R. 756.)

By an oral contract the plaintiff sold the invention to the defendant and at the same time delivered to him a model, which he took and retained.

The parties differ as to the terms of the contract. The plaintiff testifying that the defendant agreed to pay him $500 for the invention if he made any use of it. And the defendant, that he contracted to pay $500 if he used it on all his lasts, $250 if he used it on one-half of them,    *    *    *    and nothing if he did not use it on any of his lasts.

This difference is of consequence in view of the fact that, up to the moment of the trial, the defendant had not used the device on any lasts whatever. If his version of the agreement, therefore, be the true one, it follows that he is not indebted to the plaintiff.

But it appears that the defendant, after receiving the model, applied for and obtained a patent for a combination of the several elements or parts of a metal shoe-last, which included the device sold him by the plaintiff. This act, the plaintiff claims, amounted to a use of the invention sold defendant within the terms of the agreement, as testified to by him.

Thus was presented, as we think, a question for the jury, for upon them, and not upon the court, devolved the duty of determining which party correctly stated the terms of sale. A reversal of the judgment is, therefore, required, unless the nonsuit can be supported on other grounds. Three grounds were assigned for nonsuit and pressed upon our attention here, which we shall briefly consider. First, the objection that, because the agreement is not in writing, it is void, within the provision of section 4898 of the United States Revised Statutes, is not well founded. (*Barr* v. *De La Vergne*, 102 N. Y. 415 ; Walker on Pat. § 274.) That section has reference solely to patents or an interest therein. It does not relate to an invention which has not been and may never be patented. Second, the assertion that a recovery cannot be had for that the invention is valueless, is not supported by the evidence.

It does not appear that the device was known to the prior state of the art upon the subject of metal lasts, or that, for any reason, it was not patentable, and, therefore, not an invention in a legal sense. The defendant's evidence, in effect, is that the device in its present condition is impracticable; that "the idea is there," and, with some alteration, might be used. The device was, therefore, the subject of bargain and sale.

And the purchaser, in agreeing upon the price to be paid, may have erred as to its value. But the consequences of his error of judgment, if such there were, could no more be avoided in this than in other contracts. This the defendant evidently understood, for he provided that the agreed price should be payable only in case he "made use of the invention," as testified to by the plaintiff, or in case he "used it on his lasts," according to the evidence adduced by the defendant. Third, it is insisted that inasmuch as the contract was not "made in writing" it is void, because the defendant did not "accept and receive" the thing sold; or, "at the time, pay some part of the purchase-money," as required by the third section of the second title of the Statute of Frauds. It will be observed that the plaintiff did not undertake to procure or sell a patent. He sold the device merely. The defendant was at liberty to make such use of it as he saw fit. And the plaintiff, at the time, made the only delivery possible of the thing sold. He delivered to defendant a model of the invention. By that act he placed him in possession of the device in condition for practical use. As no part of the purchase-money was paid, the question presented is, whether the defendant accepted and received the thing sold so as to take the contract out of the statute? The act of acceptance is something over and beyond the agreement of which it is a part performance and which it assumes as already existing. It is a fact to be proven as are other facts. Acts of ownership constitute strong evidence of acceptance. (Reed on Stat. of Frauds, § 261.) So, too, does a long and unreasonable delay in returning goods. (15 Q. B. 428, 442; 39 Conn. 31.)

If a vendee does any act with reference to the thing sold,

of wrong if not the owner, or of right if he is the owner, it is evidence that he has accepted it. (*Parker* v. *Wallis*, 5 El. & Bl. 21.)

The rule may be broadly stated, that any act from which it may be inferred that the buyer has taken possession as owner presents a question for the jury to determine whether the act was done with intent to accept. (*Barnes* v. *Jevons*, 7 C. & P. 289; *Pinkham* v. *Mattox*, 53 N. H. 605; *Gray* v. *Davis*, 10 N. Y. 285; Browne on Stat. of Frauds, § 321.) In this case the defendant took the model into his possession; retained it over a year without returning or offering to return it; and made an application for and obtained a patent for a combination of elements which included the plaintiff's device.

In view of these acts on the part of the defendant it cannot be held as a matter of law that he did not accept and receive the thing sold. For each of the acts enumerated were of right to be considered as evidence upon that question. Whether there was an acceptance constituted a fact to be determined from the evidence we have referred to, considered in connection with all the other facts and circumstances proven. That question was properly for the jury. The nonsuit is not, therefore, sustainable on the ground that the oral contract is within the condemnation of the Statute of Frauds

The judgment should be reversed.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment reversed.