[Filed October 26, 1891.]

## E. GALVIN v. MRS. DR. KENNETH A. J. MacKENZIE.

STATUTE OF FRAUDS—DELIVERY—ACCEPTANCE.—The object of the words in the clause, sub. 5, § 785, commonly called the statute of frauds, "unless the buyer accept and receive some part of the personal property," is to require such proof of the existence of the contract as will be an impediment to fraud and perjury.

ACCEPTANCE—CHANGE OF POSSESSION.—To constitute an acceptance there must be a delivery of the goods by the vendor with the intention of vesting the right of possession in the vendee, and there must be a receipt and acceptance by the latter with the intention of taking possession as owner.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals. Affirmed.

*George H. Durham,* for Appellant.

*John U. Smith,* for Respondent.

LORD, J.—This is an action to recover money upon an oral agreement to furnish the defendant two dresses, and for which she was to pay the several sums specified when completed.

The answer of the defendant alleges that the dresses were misfits, and that they were never received and accepted by her, which is denied in the reply.

On the trial, as the agreement was oral, the defendant relied upon the statute of frauds to exclude the testimony

for the plaintiff, and also after the plaintiff rested, moved for a nonsuit for the same reason, which the court over-ruled on the ground that there was some evidence for the jury to consider whether the dresses were received and accepted under the contract. The contention for the defendant was that the agreement in question was for the sale of personal property at a price of more than fifty dollars, and was within subdivision 5, section 785, Hill's Code, otherwise called the statute of frauds, and was not enforceable, or that no evidence of it was admissible unless the defendant had accepted or received the property, or paid some part of the purchase money. The court adopted the view of the law that the agreement was for the sale of personal property at a price exceeding fifty dollars, but left it to the jury to determine from the evidence whether or not there had been such receipt and acceptance of the dresses as would take it out of the statute. As the verdict was for the plaintiff, it must be presumed that there was a receipt and acceptance of the dresses under the contract upon the evidence submitted.

Upon this state of the record, the only question raised for the defendant and appellant is, that there is no sufficient evidence of receipt and acceptance of the dresses to show compliance with the terms of the statute. The trial court and counsel for the defendant are in accord that the agreement was for the sale of personal property and within the statute, but disagree as to the sufficiency of the subsequent acts done by the parties to comply with its terms. We are not, therefore, called upon to determine whether the agreement in this case should be considered as a contract for the sale of personal property, and as such within the statute, or a contract for services and materials, and as such not within that statute. That is a mooted question upon which there is an irreconcilable conflict of authority, and which we are not required nor requested to consider unless the evidence is wholly inadequate to prove the receipt and acceptance of the dresses, and the trial court erred in sub-

mitting it to the jury. In that event, the counsel for the plaintiff and respondent is prepared to urge that the agreement is not a contract of sale but a contract for labor. In a word, that the facts disclose that the dresses were to be manufactured especially for the defendant, and upon her special order, and not for the general market; and within the rule established by many highly respectable decisions, the contract is not within the statute.

Assuming for present purposes that the court adopted the proper view of the law as applied to the facts, we are to consider whether there was evidence which would entitle the jury to find that there was such acceptance and receipt of the property as would satisfy the provisions of the statute. It is said that the clause, "unless the buyer accept and receive some part of the personal property," is intended to require such proof of the existence of the contract as will be an impediment to fraud, perjury and mistake. (*Shindler* v. *Houston*, 1 N. Y. 261; 49 Am. Dec. 316.) To constitute an acceptance within the meaning of this provision, the purchaser must so deal with the property as to prove that he acknowledges the existence of the contract. There must be some act on his part plainly recognizing the existence of the contract and that the property has been received in accordance therewith. The property must be completely transferred, which includes both delivery by the vendor and acceptance by the vendee. There must be a delivery of the goods by the vendor with an intention of vesting the right of possession in the vendee, and there must be an actual receiving and acceptance by the latter with the intention of taking possession as owner. (*Stone* v. *Browning*, 51 N. Y. 211; *Gilman* v. *Hill*, 36 N. H. 311; *Redington* v. *Roberts*, 25 Vt. 686; Baker on Sales, § 285.)

But any unequivocal act or acts on the part of the purchaser which amount to an assertion of ownership of the property is sufficient to take the sale out of the statute. Acts of ownership consistent only with the intent to keep the property are often sufficient and sometimes conclusive

evidence of acceptance. (*Vincent* v. *Germond*, 11 Johns. 283; *Gray* v. *Davis*, 10 N. Y. 285; Benj. Sales, Am. notes, 152.)

The important matter is, that the act or acts relied upon as constituting a receipt and acceptance must establish the broad fact of the relation of vendor and vendee. (*Remick* v. *Sandford*, 120 Mass. 309.) When that is shown to exist as the result of the transaction, it includes a receipt and acceptance sufficient to satisfy the statute. The question of acceptance is one of fact for the jury upon all the evidence. (*Garfield* v. *Paris*, 96 U. S. 557.) "And it should be steadily borne in mind," says Mr. Baker, "that the acceptance and receipt contemplated by the statute of frauds and as adjudged by the cases, must always be governed by the circumstances surrounding the transaction, as to whether there has been such acceptance and receipt; and that in general these facts are to be passed upon by the jury." (Baker on Sales, § 282*a*.)

With these suggestions as to the law, we now come to make its application to the facts. The defendant selected certain dress goods and the trimmings from the store of the plaintiff, and ordered them manufactured into two dresses to correspond to particular styles she had chosen from a fashion-plate. While the dresses were being made she called several times, as is customary, to try them on, so as to be certain to secure a good fit. When the first dress was completed she tried it on, inspected it, and expressed herself satisfied in every particular, and ordered it sent to her boarding-house, a square distant, which the plaintiff did as directed. In the evening, for the purpose of exhibiting her dress to other ladies, she put it on, and the opinion was expressed that the trimming was somewhat too flashy for her. Next morning she carried the dress back, not to reject it, but to order the trimming upon it changed. She owned that the trimming was of her own selection, but said that it did not suit her, or that she had now become dissatisfied with it, and selected and bought other trimming to be substituted, and left her dress to have the change made as she had directed.

These facts plainly indicate delivery and acceptance, and are not much, if at all, relied upon to show a want of evidence. It is the want of evidence to show the receipt and acceptance of the other dress upon which appellant relies. The evidence discloses that after it was finished, it was also tried on and examined; that it fitted her, and that she expressed herself satisfied with it. In a word, that it fitted her, and that she would take it. She thought a different lace, involving a slight change, would be more becoming, or in better taste, and selected other lace, and left the dress with the plaintiff to make such change, and for the further reason that she expected to wear it to a tea party the ensuing day, and preferred to put it on at the plaintiff's, evidently to avail herself of the skill and taste of the plaintiff, in making up her toilet for that occasion. The dress was made out of the material she had selected, and in the style she had ordered; it was all right and satisfactory, and was taken off, left with the plaintiff for the purposes stated, and for her own convenience and accommodation. As the evidence shows that the credit of the defendant was so good, no security for the price was desired or relied upon, and when the materials were selected and ordered made into dresses the ordinary precautions usually taken were disregarded, it is plain that when the plaintiff put the defendant in possession of the dress it was to ascertain if it fitted her, and if it did, that it was intended as a delivery of it. This is not disputed.

Under such circumstances when the defendant tried on the dress, and examined it, and declared it satisfactory, the dress being in her possession, she accepted it. It was delivered for her acceptance, if it fitted, and when she received it for that purpose, and in pursuance of it, tried it on, and it fitted her, and she expressed herself satisfied with it, she accepted it. Her subsequent acts were for her own accommodation, and performed by the plaintiff on her order. It was to suit her own convenience and to carry out her own instructions that both dresses were left with the plaintiff, and

her conduct in respect to them indicates that she considered she was dealing with her own property, and is only consistent with such ownership. A telegram unexpectedly summoning the defendant to leave town, she left her dresses behind, and when they were sent to her, she declined to accept them.

Under the facts, we think the evidence was sufficient to be submitted to the jury on the theory upon which the case was tried; and as without the statute the evidence was admissible, and a like result must have ensued, the judgment must be affirmed.