(29 Misc. Rep. 312.)

### GREENE v. SEITZ.

(Supreme Court, Appellate Term. October 25, 1899.)

SALE—ACCEPTANCE—EVIDENCE—DYNAMO TO BE SET UP.

In an action to recover the price of an electric dynamo sold on an oral agreement, plaintiff's assignor, with whom the contract was made, testified that the dynamo was to be used to drive a merry-go-round at defendant's resort; that an independent arrangement was made with him for setting it up, and that compensation was to be paid therefor over and above the purchase price; that it was delivered at a certain time, conformably to defendant's instruction; that no complaint was ever made; that he was never notified of any intention to return or reject the machine; that after delivery he asked defendant, on numerous occasions, for directions as to setting it up, and was ordered to defer setting it up until, on the completion of the merry-go-round, he should receive notice to proceed; and that the dynamo remained on defendant's premises, but that no such notification was ever given him. Defendant admitted that the machine was not sent until he wanted it; that delivery was postponed from time to time, in obedience to his wishes; and that he retained it for a number of weeks before he thought of rejecting it. Held, that the question of acceptance was for the jury, and that the retention of the dynamo, for the purpose of setting it up, was sufficient to support a finding of acceptance.

Appeal from city court of New York, general term.

Action by Olin B. Greene against Michael Seitz. From a judgment of the general term of the city court of the city of New York affirming a judgment of the trial term in favor of the plaintiff (59 N. Y. Supp. 383), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John A. Kamping, for appellant.
Joab H. Banton, for respondent.

LEVENTRITT, J. The complaint is for goods sold and delivered, and recovery is sought, on an oral agreement, for the sum of $300, the stipulated value of an electric dynamo furnished by the plaintiff's assignor to the defendant. The defenses pleaded by the answer and litigated on the trial were breach of warranty and the statute of frauds.

The first defense resolved itself into a question whether the dynamo was of the capacity and power represented in the contract of sale. Each party introduced expert evidence on the subject. A clearly-defined question of fact was thus raised, which the jury, on a proper submission of the issue, determined in favor of the plaintiff.

To meet the second defense, the plaintiff endeavored to establish acceptance and receipt of the dynamo by the defendant; there being admittedly no note or memorandum of the contract subscribed by the defendant, and no payment at the time of any part of the purchase money. The appellant urges that there is no evidence of his acceptance of the dynamo. We are of the opinion, however, that the record refutes this contention, and that there was sufficient evidence to carry the question of acceptance to the jury. One of the plaintiff's assignors, with whom the oral contract for the delivery of the dynamo was made, testified that it was to be used to drive a merry-go-round at the defendant's resort at North Beach; that an independent arrangement was made with him for the setting up of the machine, and that compensation was to be paid therefor over and above the purchase price of the dynamo; that it was delivered about June 1st, conformably to the defendant's instruction; that no complaint was ever made; that he was never notified, either orally or in writing, of any intention to return or reject the machine; that he never heard that the defendant did not want it; that after delivery he asked the defendant, on numerous occasions, for directions to set the dynamo, and was ordered to defer setting it until the end of July, when, on the completion of the merry-go-round, he was to receive notice to proceed; that the dynamo remained on the premises of the defendant, but that no such notification was ever given him. These facts are substantially uncontradicted, and they are supplemented by the admission of the defendant that the machine was not sent until he wanted it; that the delivery was postponed from time to time, in obedience to his wishes; and that he retained it for a number of ·

weeks before he thought of rejecting it. This recital of the testimony certainly contains some evidence of acceptance. "The question of acceptance or not is a question as to what was the intention of the buyer, as signified by his outward acts." Blackb. Sales, 22, 23. There is presented here a combination of acts and omissions on the part of the defendant indicative of acceptance, and which were therefore necessarily submitted to the jury for consideration. "It is a question for the jury whether, under all the circumstances, the acts which the buyer does or forbears to do amount to an acceptance." Bushel v. Wheeler, 15 Q. B. 442, per Coleridge, J.; Browne, St. Frauds, § 321; Gray v. Davis, 10 N. Y. 285. In view of the independent agreement for the setting up of the machine, its retention for that avowed purpose would support a finding of acceptance. Browne, St. Frauds, 316g, 333; 8 Am. & Eng. Enc. Law, 734; Jones v. Reynolds, 120 N. Y. 213, 217, 24 N. E. 279. There was no alternative except to submit the question to the jury, and, as none of the exceptions to rulings is meritorious, the judgment must be affirmed.

Judgment affirmed, with costs to respondent. All concur.