McMillan v. Heaps.

JAMES M. MCMILLAN, APPELLEE, v. CHARLES G. HEAPS ET AL., APPELLANTS.

FILED DECEMBER 14, 1909.  No. 15,816.

1. Statute of Frauds: PETITION: SUFFICIENCY. Where a petition discloses that the contract in suit is for the sale of chattels, and in its inception was within the statute of frauds, the pleader should state some fact sufficient in law to take the contract without the statute; but, if he alleges facts from which it is possible to logically infer that the defendant received and accepted as owner part of the property sold, the pleading is not subject to a general demurrer because of the invalidity of the contract.

2. ———: SALES: DELIVERY: ACCEPTANCE. To satisfy the statute of frauds, the vendor must deliver part of the chattels with the intention on his part of vesting the right of possession in the vendee, and the vendee must receive and accept the property; but any act by the vendee in connection with, or after, the receipt of the property sold, from which it may fairly be inferred that his possession is that of an owner, presents a question of fact for the jury to determine whether the act was performed with the intention of thus accepting the property.

3. ———: ———: ACCEPTANCE: RESCISSION. Such receipt and acceptance will not be invalidated by a subsequent return of the chattels to the vendor, if he does not consent to a rescission of the contract.

4. Appeal: EVIDENCE. A verdict rendered upon conflicting evidence in an action at law will not be set aside on appeal unless it is manifestly wrong.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

Silas A. Holcomb, C. H. Holcomb and A. Wall, for appellants.

Sullivan & Squires, contra.

ROOT, J.

This is an action for damages for the breach of an alleged contract for the sale of cattle. Plaintiff prevailed, and defendants appeal.

The vital question presented by the record is whether there was a receipt and an acceptance of any part of said chattels so as to take the contract without the statute of frauds. Defendants filed a general demurrer to the petition, and still insist that the last named pleading does not state facts sufficient to constitute a cause of action against them. The demurrer was overruled. The charge to the jury is a clear and succinct statement of the law, and no exceptions are taken thereto.

1. Defendants assert that the petition will not support the judgment, because the pleading discloses that the contract was oral, the price to be paid for the cattle exceeded $50, no part whereof was paid, and the pleader failed, so it is argued, to charge that any of the chattels were delivered to and accepted by the defendants. The pleader states the facts from plaintiff's standpoint, and alleges that the cattle were to be delivered at Halsey; that they were driven to said station, and "the defendants cut out and placed in a separate pen all of said cattle except the 19 head, and by their own efforts and directions selected from the whole bunch the cattle which they desired and intended to take. It proved upon a count at Halsey that there were only 106 head, and the defendants by themselves and their own effort and by their instructions to plaintiff's said agent selected said 87 head and put them in a separate pen ready for shipment. * * * After the defendants had, in the manner above stated, selected said cattle, they demanded of plaintiff's agent that he give them a bill of sale for the cattle, which he, the said agent, offered to do, but which they refused because the same was not personally signed by plaintiff." The pleader further charges that defendants knew that said agent had authority to give the bill of sale, and their

demands were but an excuse for the breach of their contract.

The words selected and accepted are not synonymous. The pleader may not have exercised the best judgment in stating that defendants selected the cattle, instead of pleading the ultimate fact that they received and accepted the stock, but we think it is possible to infer from the petition that part of the cattle were in fact delivered to and accepted by defendants. Any act of the vendee manifesting an intention on his part to accept the chattels, or some part thereof, will satisfy the statute if he also receives the property, and a selection under some circumstances may be evidence of an acceptance. *Cusack v. Robinson,* 9 Week. Rep. (Eng.) 735. If the evidence on this point has probative value, it is for the jury to say whether there was an acceptance or not. Browne, Statute of Frauds (5th ed.) sec. 321; *Smith v. Stoller,* 26 Wis. 671; *Somers v. McLaughlin,* 57 Wis. 358; *Gray v. Davis,* 10 N. Y. 285; *Jones v. Reynolds,* 120 N. Y. 213.

Defendants argue that the evidence is insufficient to support the verdict. Giving the utmost credence to the evidence produced by plaintiff and rejecting all contradictory evidence introduced by defendants, it appears that defendants orally agreed, after an examination of the cattle, to pay $4,300 for 90 steers, to be selected by them out of a herd believed by the parties in interest to contain 109, but amounting to only 106 head. The cattle were to be delivered at Halsey, the nearest railway station. Plaintiff's servants drove the herd into the stock yards of the railway company at Halsey, and defendants selected therefrom 87 and rejected 19 cattle, placed the larger number in a yard separate from the pen containing the rejected stock, and counted the cattle in each pen. No objections were then made to retaining the 87 cattle, but defendants fed and cared for them. About one hour thereafter defendant Heaps stated to plaintiff's servant, "McMillan isn't here, and I have a notion not to take these cattle," demanded a bill of sale for the stock, and

complained that there were but 106 head of cattle from which to select the ninety. Later, Heaps admitted to plaintiff's agent that the cattle were all right, but said that they were deficient in number, and that he wanted a bill of sale. Plaintiff's employee and his brother each offered to execute the bill, but Heaps questioned their authority to act for plaintiff, and abandoned the steers. The evidence produced by defendants contradicts many of the foregoing statements. The evidence would sustain a verdict for defendants, but there is proof to uphold the verdict if the jurors believed that defendants intended by their acts to accept the 87 steers selected and for a time controlled by them. We cannot enter the domain of the jury and substitute our judgment for theirs upon questions of fact.

2. Defendant Heaps testifies that he agreed to take 90 cattle upon condition that plaintiff would give a bill of sale therefor, and that the witness refused to accept the cattle because the bill was not executed. He explains that the cattle were branded and could not be sold to advantage in the stock yards at South Omaha or Kansas City without a bill of sale from the owner of the brands. The answers do not submit this defense. If defendants, as vendees, received and accepted part of the cattle purchased by virtue of the oral contract, it would thereby be taken out of the statute of frauds, notwithstanding its terms were in dispute. *Hinchman v. Lincoln,* 124 U. S. 38, 54. Nor would a return of the chattels theretofore received and accepted by the vendee replace the contract within the statute. *Jackson v. Watts,* 1 McCord (S. Car.) *288; *Galvin v. MacKenzie,* 21 Or. 184.

3. Defendants contend that the contract was rescinded, and hence there can be no recovery thereon. No such defense is presented by the pleading. Plaintiff never consented to a rescission of the contract, and defendants have not been damaged because he sold the cattle to the best advantage in the market. Furthermore, no exception is taken to the instruction as to the measure of damages.

While the evidence produced by plaintiff is emphatically contradicted, there is evidence in the record to support the verdict.

The judgment of the district court is

AFFIRMED.