ANTON E. BENES, DOING BUSINESS AS WAHOO IMPLEMENT CO., APPELLEE, v. HAROLD A. REED ET AL., APPELLANTS.

62 N. W. 2d 320

Filed February 5, 1954. No. 33439.

*Richard O. Johnson,* for appellants.

*R. A. Vestecka* and *Emory P. Burnett,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this action to recover the reasonable value of a cornpicker alleged to have been sold to the defendants. The jury found for the plaintiff in the amount of $1,239.50. Defendants appeal from the judgment entered thereon.

In 1948 the plaintiff was engaged in the sale of farm implements under the name of the Wahoo Implement Co. at Wahoo, Nebraska. The defendants are brothers, who were engaged in farming. Each farmed his own land and owned his own stock and machinery. They were living at the home of their father and, other than helping each other from time to time, they operated separately and independently of each other.

The evidence shows that the defendant Donald Reed

owned an old cornpicker which was causing trouble because of breakdowns. He was able to secure replacement parts from the plaintiff and made several trips to plaintiff's place of business for that purpose in October and November 1948. Plaintiff testifies that about the middle of November Donald Reed talked with him about the possibility of obtaining a new cornpicker, and plaintiff said he was getting some in a week or 10 days. Plaintiff says that Donald asked if he could have one and plaintiff replied that he would try to save him one. Donald is alleged to have said: "Well, I want one for this year, or next year, I don't care if it is this year or next year, but I want it." Plaintiff says he told Donald that the price would be about $1,000. Plaintiff testifies that Harold Reed came up and Donald informed him: "We could get a picker in about a week or ten days," and Harold said: "That's fine, bring it on down." These conversations are denied by the defendants, Harold asserting that he had never seen Anton Benes nor his wife prior to February 21, 1949. Leo Dillon, a brother-in-law of the Reeds, says that it was he and not Harold who was with Donald, and he, too, denies that any such conversation took place. There is evidence by Benes and his wife that they called on Donald to collect for repairs on the old cornpicker and for the sale price of the new one. They testify that Donald paid for the repairs, which is evidenced by a cancelled check dated February 21, 1949, but said he would see them in a few days about settling for the new cornpicker. This latter statement was also denied by Donald.

The defendants assert that the trial court erred in not holding that the oral agreement was within the statute of frauds as a matter of law. It is contended by the plaintiff that there was a receipt and acceptance of the cornpicker. The defendants contend to the contrary.

The pertinent parts of the statute of frauds here applicable provide:

"(1) A contract to sell or a sale of any goods or

choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf. * * *

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." § 69-404, R. R. S. 1943.

That the alleged agreement was an oral one for the sale of goods of the value of $500 or upwards is clearly shown by the pleadings and the evidence. The defendants contend that the trial court erred in overruling objections to evidence purporting to establish the oral agreement. A review of the pleadings is necessary to determine the correctness of the trial court's rulings on this question.

The petition in substance alleges that plaintiff sold and delivered to the defendants, and each of them, at the special instance and request of each of them, verbally, a cornpicker of the agreed and reasonable value of $1,025. There is no allegation of part payment, nor receipt and acceptance of the cornpicker. The petition was clearly demurrable as being within the statute of frauds. Wright v. Schram, 121 Neb. 775, 238 N. W. 658; Smith v. Aultz, 78 Neb. 453, 110 N. W. 1015. No demurrer was filed to the petition. Defendants' answer was in effect a general denial under which defendants could avail themselves of the defense of the statute of frauds. Powder River Live Stock Co. v. Lamb, 38 Neb. 339, 56 N. W. 1019; Smith v. Aultz, supra. The record shows that objection was timely made to the testimony on the ground that the verbal agreement was within the statute of frauds. Under the state of the pleadings the

trial court erred in not sustaining the objection. The rule is clearly stated in Powder River Live Stock Co. v. Lamb, *supra,* as follows: "The contract declared upon in the amended petition is a verbal one for the sale of a quantity of corn exceeding in value the sum of $50. No part of the purchase money was paid at the time the contract was entered into. This is conceded; but the plaintiff below insists that the stipulations in the contract have been fully performed on his part; hence, the statute of frauds does not attach. The delivery of the corn by the plaintiff to the defendant is averred in the petition, but it is nowhere alleged in the pleading that the defendant accepted or received any part thereof. A delivery alone by the vendor of the thing sold is insufficient to take a parol contract for the sale of goods, of the price of $50 or more, out of the statute, but there must also be a receipt and acceptance by the buyer of at least a part of such goods under and in pursuance of the terms of the contract. In Reed on the Statute of Frauds, vol. 1, sec. 262, the author says: 'There must be both delivery and acceptance; and both of the parties must partake in the same act. * * * And it has been said that certainly unless accept means no more than received, as surely it must, for otherwise the word "deliver" would of itself have sufficed, acceptance must mean some act or conduct on the part of the buyer indicating an intention to retain the goods, or such as reasonably to lead the seller to suppose so. To constitute acceptance two acts are necessary: The goods must be accepted and actually received. No act of the seller will amount to acceptance.'"

The precise question before us is fully answered in Powder River Live Stock Co. v. Lamb, *supra,* by the following, contained in that opinion: "It is urged that the defendant waived its exception to the ruling on the demurrer by answering to the merits. Conceding this point to be well taken, still the question of the statute of frauds was repeatedly raised during the trial on the

introduction of testimony to establish the contract and to show the defendant accepted the corn under the terms of the parol agreement. This evidence was admitted over the objection of the defendant that it is not alleged in the petition that it accepted or received any part of the corn sued for, and that the contract was void under the statute. This evidence was clearly inadmissible, without the pleading was amended. It is a fundamental rule that the allegata et probata must agree."

Plaintiff contends that the petition, properly construed, does not allege an oral agreement. We have hereinbefore set out the allegations of the petition. It clearly pleads an oral agreement. But even if it did not, and the evidence was therefore properly admitted, the evidence shows conclusively that plaintiff's claim was based on an oral agreement. The result would necessarily be the same. Plaintiff relies upon McMillan v. Heaps, 85 Neb. 535, 123 N. W. 1041. We point out that in that case facts were pleaded from which an acceptance could readily be inferred. In the case at bar there were no facts pleaded that in any manner related to any receipt or acceptance by the defendants.

The agreement pleaded was an oral one for the sale of goods of the value of $500 or upwards. No part payment was made. There are no allegations of receipt and acceptance to take it out of the provisions of section 69-404, R. R. S. 1943. Under such circumstances, objections to evidence of an oral agreement on the ground that it was barred by section 69-404, R. R. S. 1943, should have been sustained. Facts taking the oral agreement out of the statute must be pleaded. An allegation that the goods were delivered is not enough. If receipt and acceptance of the goods, or a part thereof, is relied upon to take the oral agreement out of the statute, such facts must be alleged. So far as the pleadings in this case show, a recovery was defeated by the statute of frauds.

This being true, defendants' motion for a directed

verdict should have been sustained. For the reasons shown, the motion for a judgment notwithstanding the verdict is sustained and the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.