IN RE ESTATE OF GALEN L. NELSEN, DECEASED.
DELMER GROETEKE, APPELLANT, V.
BEVERLY A. NELSEN, PERSONAL
REPRESENTATIVE, APPELLEE.

311 N.W.2d 508

Filed October 23, 1981. No. 43492.

H. E. Hurt, Jr., and James A. Gallant for appellant.

Nicholas J. Lamme of Yost, Schafersman, Yost, Lamme & Hillis for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from a District Court judgment en-

tered on a jury verdict in favor of the estate of Galen L. Nelsen. The claimant, Delmer Groeteke, farms near Hooper, Nebraska. The deceased, Galen L. Nelsen, owned and operated Anderson Feed & Seed Co. in Fremont, Nebraska.

Early in the spring of 1977 Delmer Groeteke contacted Galen L. Nelsen about the possibility of Anderson Feed & Seed Co. purchasing Groeteke's 1976 soybean crop. After performing germination tests on the beans, Groeteke and Nelsen entered into an oral agreement for the purchase of the soybeans. The exact quantity of soybeans purchased was disputed. Delmer Groeteke claims the oral contract was for his entire crop, approximately 2,500 bushels. The estate claims the oral contract was for 1,762.68 bushels of soybeans, the amount which was actually delivered and received. The price, which was $10.40 per bushel, is not in dispute.

On April 12, 1977, Delmer Groeteke delivered the first load of soybeans, 212 bushels, to Anderson Feed & Seed Co. Since he was busy with his farming operations, Groeteke left his truck with Nelsen so that Nelsen could haul the remaining beans. Between April 15, 1977, and May 18, 1977, Nelsen and his son hauled eight loads of soybeans from the Groeteke farm. This brought the total amount of soybeans actually received by Anderson Feed & Seed Co. to 1,762.68 bushels. Groeteke was paid for the nine loads of soybeans in three checks dated May 9, 1977, May 24, 1977, and June 4, 1977, totaling $18,331.77. No beans were hauled after May 18, 1977.

The price of soybeans dropped during the summer, and on August 1, 1977, Groeteke sold 260.67 bushels of the remaining beans to the Hooper co-op for $5.74 per bushel. On March 17, 1978, Groeteke sold the remaining 500 bushels to the Hooper co-op for $6.31 per bushel. Action was commenced on August 9, 1978, to recover the difference between the price received for the remaining bushels and the contract price. On August

11, 1978, Galen Nelsen was killed in an automobile accident. Groeteke filed a claim against Nelsen's estate in the county court of Dodge County, Nebraska, on June 4, 1979. The claim was disallowed by the personal representative. Groeteke's petition for allowance of the claim in the county court was also disallowed. An appeal was taken to the District Court for Dodge County, Nebraska. The issue was tried to a jury and a verdict was rendered in favor of the estate, from which the claimant appealed. We affirm the trial court's judgment on other grounds.

The trial court should have sustained the estate's motion for a directed verdict. The statute of frauds was properly raised as a defense to the present action by a general denial. *Benes v. Reed*, 158 Neb. 128, 62 N.W.2d 320 (1954); *Ord v. Benson*, 163 Neb. 367, 79 N.W.2d 713 (1956). The record shows that the statute of frauds was specifically raised in the estate's motion for a directed verdict at the close of the claimant's case. The statute of frauds states: "Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." Neb. U.C.C. § 2-201(1) (Reissue 1980). The oral contract was for personal property in excess of $500.

The claimant argued that the contract was without the statute of frauds because it falls within Neb. U.C.C. § 2-201(3)(c) (Reissue 1980), which reads: "A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . with respect to goods for which payment has been

made and accepted or which have been received and accepted . . . ."

The contract in question clearly falls within § 2-201(3)(c). The evidence indicates that Galen Nelsen received, accepted, and paid for 1,762.68 bushels of soybeans. However, at no time were the remaining 750 bushels received or accepted by Nelsen. "The language of the statute, and of the official comment, makes it clear that part performance of an oral contract for the sale of goods that is capable of apportionment is enforceable only as to that portion that has been either fully or partially performed." *In re Augustin Bros. Co.*, 460 F. 2d 376, 380 (8th Cir. 1972); *Wilke v. Holdrege Coop. Equity Exchange*, 200 Neb. 803, 265 N.W.2d 672 (1978). To the extent the contract covers goods in excess of 1,762.68 bushels of soybeans, it is unenforceable. A directed verdict was proper under these circumstances since, under the facts, the claimant was not entitled to any relief.

In his assignments of error, Groeteke claims the trial court erred in not giving his jury instruction Nos. 1, 2, and 3, dealing with acceptance and delivery. The statute of frauds is clear on this issue. A delivery alone by the seller is insufficient to take an oral contract for the sale of goods of the price of $500 or more out of the statute. The statute makes it necessary that the goods "have been received and accepted" before avoidance of the statute of frauds is recognized. See, *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 230 N.W.2d 588 (1975). *Benes v. Reed, supra.* The assignment is without merit.

The remaining assignments of error will not be discussed, as they are not determinative of this appeal.

AFFIRMED.