## Evans vs. Graham.

*November 11 — November 30, 1880.*

CHATTEL MORTGAGE: *(1-4)* RIGHT OF POSSESSION *under provision that mortgagee may take possession whenever he deems himself insecure. (5) Mortgagee's damages for wrongful taking by mortgagor.*

1. Where a chattel mortgage provides that the mortgagee may take possession of the property in case he shall at any time deem himself insecure, and, in a litigation as to his right to the possession, he alleged and testified that he took possession because he deemed himself insecure, and there was no counter proof: *Held,* that it was error to refuse an instruction asked by him to the effect that he was entitled to the possession.

2. Whether, in such a case, the mortgagor, in an action at law to recover possession of the property, could show that the mortgagee did *not* take possession because he deemed himself insecure, but for *some other reason,* is not here considered.

3. Where, in consideration of an extension of time for payment of rent past due, such a mortgage is given to secure such accrued rent, the mortgagee is entitled to take possession of the property in case he deems himself insecure in respect to *the accrued rent* before the extended time for payment expires.

4. Where the note so secured is for rent *to become due at a future day,* whether even *equity* will interfere to restrain the exercise of such right *before the rent is earned,* on the ground that its exercise is not in fact necessary to the mortgagee's security, and will be highly detrimental to the tenant mortgagor, *quære;* but at least the mortgagor may assert such right *at law.* .

5. Mortgagee's damages for the taking, by mortgagor, of the mortgaged property, where the former was and is entitled to the possession, and a return of the property cannot be had, are limited to the amount due upon the mortgage at the time of the trial.

APPEAL from the Circuit Court for *Waukesha* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an action of replevin. The defendant and appellant had taken possession of the property mentioned in the complaint, by virtue of a chattel mortgage given to her by the plaintiff and respondent, bearing date March 28, 1878, to secure the payment of two promissory notes for $425 each, dated

November 30, 1876, one payable December 1, 1877, and the other December 1, 1878. A chattel mortgage covering the same property had been given by the plaintiff to the defendant, to secure the same notes, on the day of the date of such notes. It also appeared in evidence that the notes and mortgages were given to secure the rent of a farm which the defendant had let to the plaintiff for the term of two years from March 30, 1877, at an annual rent of $425; the first year's rent to become due and payable December 1, 1877, and the second year's rent to become due and payable December 1, 1878. It further appeared in evidence that the plaintiff was behind in the payment of the first year's rent, and that on March 28, 1878, the parties accounted together, and it was found that there was unpaid on the first year's rent the sum of about $237.50 and some interest, and it was then agreed between the parties that the first mortgage should be cancelled, and a new one given to secure the payment of the sum then due and to become due upon both said notes; and it was alleged, and the plaintiff gave proof tending to show, that the defendant agreed that, in consideration of his giving the new mortgage, she would wait upon him for the amount due on the first year's rent until after sheep-shearing time.

"The evidence also showed that previous to May 18, 1878, the day on which the defendant took possession of the property under her mortgage, the whole amount due on the first note for the first year's rent had been paid, except the sum of $17.80, about which the parties disputed, the plaintiff insisting that he had paid it by counter charges against the defendant, and the defendant insisting that it was unpaid and remained due to her. It also appeared in evidence that after the defendant had taken the property under her mortgage, and before the plaintiff replevied the same, he offered to pay her the $17.80 she claimed as unpaid, if she would return the property to him, and that she refused to return the same. It also appeared that, after giving the new mortgage, March

28, 1878, and before the defendant took possession, the plaintiff had gone on and put in his crops, and given a mortgage upon the growing crops, and his other personal property not included in the mortgage to the defendant, to secure the payment of another debt of $400, to one Thomas A. Jones. It was claimed by the plaintiff that some of the money realized upon this mortgage was paid to the defendant, in part payment of the balance due on the first year's rent. The defendant's mortgage contained the following clause: 'And in case the said *Elizabeth Graham*, or her attorney, shall at any time deem herself insecure, it shall be lawful for her or her attorney to take possession of said property, and sell the same at public or private sale, as aforesaid.' The case was not tried until after the second year's rent had become due, and when due the plaintiff tendered the amount thereof to the defendant, which she refused to accept. At the time the defendant took possession of the property under her mortgage, she caused a notice to be served upon the plaintiff to quit and surrender the possession of the leased premises, for non-payment of a portion of the first year's rent, and also advertised the mortgaged property for sale. Nothing was done under either of these notices, the plaintiff having immediately thereafter replevied the property; and the same was delivered to him upon his writ, and remained in his possession at the time of the trial.

"The plaintiff had a verdict and judgment in his favor, and the defendant appeals."

*J. V. V. Platto*, for the appellant.

*Edwin Hurlbut*, for the respondent.

TAYLOR, J. The appellant alleges that the learned circuit judge erred, *first*, in refusing instructions asked by the defendant; and *second*, in instructing the jury, in substance, that the defendant would have no right to take possession of the property described in the mortgage unless some part of the amount of the notes, the payment of which was secured by the mortgage,

was past due and unpaid. The instruction to the refusal of which the appellant took exception, is as follows: "That it was competent for the defendant, under the chattel mortgage, and under the clause and power therein contained (that, should she 'at any time deem herself insecure, it should be lawful for her to take possession of said property and sell the same at public auction or private sale'), to take possession of and sell the mortgaged property, as she was proceeding to do, notwithstanding the debt, to secure the payment of which the mortgage was given, had not matured and become due and payable; and the jury are directed to find that, at the time of the commencement of this action, the defendant was entitled to the possession of the said property."

Unless we were disposed to overrule several decisions of this court, as we certainly are not, this instruction should have been given. The defendant in her answer alleges that she took possession of the property described in the mortgage because she deemed herself insecure for the balance due for the first year's rent, as well as that to become due for the second year; and on the trial she swears that she took possession because she deemed herself insecure, and she gave some evidence to justify her in that opinion, and there is no evidence to contradict her on this point. Upon the evidence and the pleadings it is very clear that under the decisions of this court the instruction asked should have been given. *Cline v. Libby*, 46 Wis., 123; *Huebner v. Koebke*, 42 Wis., 319; *Frisbee v. Langworthy*, 11 Wis., 375; *Welch v. Sackett*, 12 Wis., 243, 244; *Saxton v. Williams*, 15 Wis., 292; *Cotton v. Watkins*, 6 Wis., 629. Whether, in any case of possession taken before the debt secured became due, by a mortgagee under a mortgage containing a clause of this kind, it would be competent for the mortgagor, in an action at law to repossess himself of such property, to show that the mortgagee did not take possession because he deemed himself insecure, but for some other or entirely different cause, it is unnecessary to decide, as

the court did not submit any such issue to the jury in this case.

The learned circuit judge not only refused to give the instruction asked, but instructed the jury, without any qualification, that the plaintiff was entitled to recover in the action unless the jury found that some part of the money secured by said mortgage was actually due and unpaid when the defendant took possession of the property. This was in effect an instruction to find for the plaintiff unless some part of the rent for the first year was due and remained unpaid when the defendant took possession. If there could be any distinction made in favor of the mortgagor, under a claim of this nature, when, as in this case, the mortgage is given to secure the payment of money at a future day as rent for the use of the real property of the mortgagee, and if in such case the mortgagee could not take possession of the mortgaged property until the rent was earned and became actually due, still the instruction was wrong, for the reason that it was admitted that a large part of the first year's rent was unpaid long after it became due, and there was a dispute on the evidence whether it had all been paid when defendant took possession. Still, the judge charged upon this point that if the jury found the defendant had agreed, when the new mortgage was given, to extend the time for the payment of the money then past due, until after sheep-shearing time, the defendant would have no right to take possession of the mortgaged property, or any part thereof, to secure the payment of the sum so remaining unpaid on the rent, which, by the terms of the lease, had become due long before. This instruction is clearly in conflict with the decisions of this court. The money for the first year's rent having become due and payable by the plaintiff to the defendant, the debt was not, in its nature, different from any other debt arising upon contract; and if no mortgage had been given to secure it before it became due, there was certainly no objection to the plaintiff's securing it by mortgage; and if, to

induce him to do so, the defendant had extended the time of payment for six months, and taken plaintiff's note for the amount payable at that time, and a chattel mortgage to secure its payment, and the mortgage contained the clause for taking possession before the money became due, there could be no reasonable doubt of the mortgagee's power to exercise his right under that clause. So in this case the fact, if it be a fact, that the defendant had agreed to extend the time for the payment of the money past due until after shearing time, provided plaintiff would give a new mortgage, could not hinder the plaintiff from asserting his right of possession under that clause in the mortgage. The fact that the money secured to be paid by the mortgage was for the rent of real estate due from the mortgagor to the mortgagee, could not change the rights of the parties.

Whether, in a case of this kind, when a chattel mortgage is given to secure the rent of real estate, to become due at a future day, a court of equity would interfere to prevent the mortgagee from asserting his right to the possession of the mortgaged property before the rent was due or earned by the actual use of the property leased, when the assertion of such right was, in fact, not necessary to the security of the mortgagee, and highly detrimental to the rights of the tenant mortgagor, is very questionable (see *Cline v. Libby*, 46 Wis., 123); but that he may assert such right in an action at law, when the legal title to the property is alone in question, is fully established by the decisions of this court above cited.

We think the court was mistaken as to the damages the defendant would have been entitled to recover in case the verdict and judgment had been in his favor, and a return of the property could not be had. In such case the defendant would not be entitled to recover the value of the property, if it exceeded the whole sum due upon his mortgage, but only the amount so due thereon at the time of the trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.