VIETOR *et al. v.* STROOCK.[1]

(*Common Pleas of New York City and County, General Term.* June 20, 1889.)

1. STATUTE OF FRAUDS—SALE OF CHATTELS—ACCEPTANCE.
    Defendant examined and expressed himself as satisfied with goods of the value of more than $50, at plaintiff's store, and said that he would take them at an agreed price. The goods were sent to defendant's place of business, and left there. *Held* a sufficient acceptance under the statute of frauds.

2. SALE—ACTION FOR PRICE—EVIDENCE.
    In the absence of fraud, the goods received being the same that were examined and purchased by defendant, the fact that they were called "chinchillas" during the negotiations, when in reality they were an inferior quality, is immaterial.

Appeal from city court, general term.

Action by George F. Vietor and others against Louis F. Stroock, as survivor of the firm of S. Stroock & Co., for goods sold and delivered. From an order entered at general term of the city court, affirming a judgment in favor of plaintiffs, and an order denying defendant's motion for a new trial, defendant appeals.

Argued before BOOKSTAVER and ALLEN, JJ.

*Jacobs Brothers,* (*Noah Davis,* of counsel,) for appellant. *Blumenstiel & Hirsch,* for respondents.

BOOKSTAVER, J. The complaint alleges that on the 4th of March, 1880, the plaintiffs sold and delivered to the defendants goods, wares, and merchandise, consisting of 10 cases of chinchillas, at an agreed price, which defendants had failed and neglected to pay. The answer originally interposed by the defendants raised two issues,—a sale by sample and a breach of warranty. Two trials were had under these issues in the court below, both resulting in a verdict for defendants, and both judgments entered on the verdict were reversed on appeal to the general term of that court. Defendants were then allowed to amend their original answer by withdrawing the defenses of breach of warranty and sale by sample, and interposing a general denial. This materially changed the issues. By the first answer the sale and delivery were admitted, and by the second both were denied. Under the issue so framed the last trial was had, and to maintain their action it was necessary for the plaintiffs to establish the sale alleged in the complaint, the agreed price, the delivery, and—as the amount was more than $50, and there was no memorandum of the sale in writing—an acceptance of the goods by the defendants in order to take the case out of the statute of frauds. On the trial defendants did not contest the price nor the delivery of the 10 cases of goods, but they did very strenuously contest the sale claimed by the plaintiffs, and also the acceptance of the goods delivered. Plaintiffs' testimony tended to show that at their request one of the defendants came to their store and partially examined a certain specific lot of goods, called "Chinchillas," contained in 10 cases; that there were no other goods of this kind in their store then; that the same defendant subsequently called again, in company with one of his salesmen, and was then requested to examine all or as many of the goods as he desired, as they were to be sold "as are;" that is, in bulk, as they then stood, regardless of imperfections or quality, all of the cases then being open; that after such

[1] Affirming 3 N. Y. Supp. 801.

examination this defendant then expressed himself as satisfied, and that he-
had examined all the goods he wanted to; that the price of 70 cents per-yard
was then agreed upon in plaintiffs' store; that both the defendant who exam-
ined the goods and his salesman said they would take them at that price, and
that they were then repacked in the cases and subsequently delivered to the
defendants. The latter say they remained in their possession, unopened,
some 10 days. When examined, they say, the goods were not of the quality
they expected, and they offered to return them, and plaintiffs declined to re-
ceive them.

On these facts a motion was made to dismiss the complaint, both when-
plaintiffs rested and at the close of the case, on the ground that there was no
memorandum of the sale made in writing, and, as it was for more than $50,.
to take it out of the statute of frauds. Plaintiffs were bound to prove not.
only a sale of the goods, but a delivery and acceptance. If the testimony of
plaintiffs' witnesses as to the foregoing facts was to be relied on, both the
sale and delivery of the specific 10 cases of goods were sufficiently proved to.
allow the case to go to the jury on those questions, and the only difficulty in
regarding the transaction as a completed sale arises on the question of accept-
ance. Had what defendant said and done in regard to acceptance follow ed
instead of preceded the delivery, then, certainly, enough was proved to allow
that question to go to the jury also. But it is well settled that an acceptance-
of specific goods, separated from the others, need not be after delivery only,
but may be simultaneous with it or precede it. *McKnight* v. *Dunlop*, 5 N.
Y. 537; *Cross* v. *O'Donnell*, 44 N. Y. 661; *Grey* v. *Cary*, 9 Daly, 363; Benj.
Sales, §§ 178, 180, and authorities cited. It is otherwise when a part only
of a larger lot is agreed to be taken, and this smaller lot is to be separated or-
selected from the whole, as where 20 firkins of butter are to be taken from
a lot of 30, or 30 sheep from a flock of 100. *Heermance* v. *Taylor*, 14 Hun,
149. In such cases no title passes to any particular lot until separation and.
delivery, and then there remains a right to object to the quality or quantity
actually delivered; but obviously no such right remained in this case after de-
livery, because the quantity and quality had already been determined, and on
delivery the title was complete in defendants, if plaintiffs' version of the
transaction is correct. We think the motion to dismiss the complaint on this.
ground was properly denied. Appellant also contends that the goods were
billed as "chinchillas," and were so called during the negotiation for them,
and that therefore they had the right to show that they were not "chin-
chillas," and the court erred in excluding evidence on this point, and they
also contend that the complaint should have been dismissed because the evi-
dence showed they were not "chinchillas." Had the sale been by description
or sample, such evidence would have been admissible; but the evidence of the-
defendant and his salesman, who made the examination of the goods, shows.
such was not the case. The goods, and not samples of them, were examined,
and the jury would not have been warranted in finding that the sale was by
sample, as has been twice determined by the court below on the same evi-
dence. In no other aspect of the case was such testimony admissible. Except
the questions before examined, the only other question in the case was whether-
the goods delivered were the identical goods purchased, and of this we think
there can be no doubt from the evidence. What they were called, therefore,
is immaterial. Both parties were on an equality, both were of long standing
and skill in their business. It is not claimed that any fraud or deceit was
used by the plaintiffs. Both parties knew when bargaining for the goods that.
they were not, and could not have been, genuine chinchilla, for that was sell-
ing for from $3 to $5 per yard in the market at the time. It must therefore-
be assumed the defendants knew they were purchasing an inferior article,
which, for convenience or some other cause, was called "chinchilla." If one-
knowing the difference between a horse and a mule, and the nature of each,.

should bargain with another for a mule, calling it a horse, and the identical animal should be delivered to him, he could not avoid payment on the ground it was not a horse, nor could he on the trial of such an action offer testimony of experts to show it was not a horse. The only question there, as here, would be, was the identical thing purchased and delivered? We therefore think the judgment should be affirmed, with costs.

ALLEN, J., concurs.