ROBERTS, JOHNSON & RAND, Appellant, vs. MACKOWSKI,
Respondent.

*April 7—May 4, 1920.*

*Statute of frauds: Acceptance of goods: Failure to notify seller of
refusal to accept goods from carrier.*

An acceptance which will take a contract of sale of goods of the
value of more than $50 out of the statute of frauds (sec.
1684t—4, Stats. 1919), cannot result from passive or negative
conduct; and failure of the purchaser to notify the seller, who
has shipped the goods to him, that he will not take the same
from the station or receive them, cannot raise an inference
of acceptance.

APPEAL from a judgment of the circuit court for Green
Lake county: CHESTER A. FOWLER, Circuit Judge. *Af-
firmed.*

Plaintiff is a manufacturer and jobber of boots and shoes
at St. Louis, Missouri. Defendant is a retail merchant at
Princeton, Wisconsin. October 31, 1917, defendant gave
plaintiff's traveling salesman an oral order for merchandise
amounting to $103.88. No written memorandum was
signed by the defendant. The goods thus ordered were
thereafter delivered by plaintiff to a common carrier at St.
Louis, consigned to the defendant, and the consignment
arrived at Princeton December 1, 1917. On November 10,
1917, a statement of the shipment was mailed to the defend-
ant at Princeton. The defendant refused to receive the
goods and never took them from the depot. On February
16, 1918, he wrote to plaintiff as follows:

"Your statements and letters of different dates to hand
and beg to notify you that the shipment of shoes is at depot.
I have refused to accept same, arriving in broken condition,
some of the goods being taken out of boxes broken open and
have not been at the depot to check up and report to you.
I admit I have been slow in attending to it on account of my
time being well taken up with the store and electric light
department, although I promise you I shall take time to
investigate and report the shortage at once."

On April 20th he wrote a collection agency, to whom the claim had been given for collection, as follows:

"The goods are at the C. & N. W. Ry., rejected on account of arriving in bad condition upon their arrival. I have looked the goods over and they are not in shape to be put in stock."

On April 23d he wrote to plaintiff as follows:

"Your telegram has duly been received asking for check, and beg to say that the goods have been rejected upon their arrival. Judging from the appearance of the boxes, same must have been opened, as some of the cartons are broken and one pair misses' shoes the tip squashed in.

"I did go down to the depot and looked same over as promised, and find that I cannot use the goods, so kindly inform the railway company to have them returned to you."

An action to recover for the goods was brought in justice's court, and from a judgment in favor of the plaintiff the defendant appealed to the circuit court. The case was tried before the court, and a judgment rendered in favor of the defendant, from which plaintiff brings this appeal.

For the appellant the cause was submitted on the brief of *George E. Dickenson* of Markesan.

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

OWEN, J. The action was brought to recover on an oral contract for the sale of goods amounting to more than $50. The defendant claims that the contract is void under the statute of frauds. The question presented is whether there was such an acceptance or receipt of the goods on the part of the defendant as to take the contract out of the statute. Sub. 1, sec. 1684*t*—4, Stats., provides that

"A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold,

and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Sub. 3 of that section provides:

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

Leaving out of discussion the question of whether the silence of defendant from December 1st to February 16th can be construed as conduct amounting to his assent to becoming the owner of the goods, we find nothing in the record which can satisfy the requirement of the statute that he actually received the same.   As said in *Friedman v. Plous,* 158 Wis. 435, 149 N. W. 218:

"The statute . . . seems to separate acceptance from receipt and provide that the former requirement may be satisfied by words or conduct, while the latter presupposes a delivery by the seller and requires some intentional act of receipt on the part of the purchaser."

Obviously there can be no actual receipt on the part of the purchaser in the absence of some affirmative action on his part.   Actual receipt cannot result from passive or negative conduct.   At all times the defendant consistently and persistently refused to receive the shipment.   There was no conduct on his part amounting to an actual receipt of the goods or as indicating any intention entertained by him to receive them.   The contract was therefore void under sec. 1684*t*—4 as well as under sec. 2308, Stats.

Appellant relies upon the principle that where property is delivered by one person to another in fulfilment of an executory contract between them requiring such delivery, and the latter neglects to notify the former that the property is not accepted as complying with the contract within a reasonable time and after a fair opportunity to accept it, an acceptance

will be inferred. He argues that under this principle, together with the further rule that delivery to a common carrier is delivery to the consignee, it was the duty of the defendant to notify the plaintiff of his refusal to accept the law. ·While that argument is pertinent where there is a valid contract of sale, it cannot be invoked to validate a void contract when such validation requires affirmative action on the part of the vendee.

*By the Court.*—Judgment affirmed.

shipment, and that because he did not do so within a reasonable time his receipt and acceptance follow as a matter of