SAUL TONKELSON, Respondent, *v.* JACOB K. MALIS, Appellant.

Supreme Court, Appellate Term, First Department, October Term — Filed December, 1922.

Sales — acceptance — when title passes — setting aside of specific goods in buyer's presence — directions by buyer as to shipment — Statute of Frauds — contention that goods when received were not goods purchased.

The defendant, a Philadelphia merchant, came to plaintiff's place of business in the city of New York and negotiated for the purchase of a certain and particular job lot of leather.    The defendant examined the leather, a bargain was struck at a specified price per foot for the entire lot, and while defendant said " Ship it down by express — its my order. * * * The goods is mine," no particular express company was referred to.    A package of leather sent by plaintiff to defendant by an express company was received by defendant from said carrier.    In an action for goods sold and delivered it appeared that there was no writing, part payment or the giving of anything in earnest.    Though the defendant testified that the goods received by him were not those purchased, he relied mainly upon the contention that there was neither an acceptance nor a receipt of the goods to set aside the Statute of Frauds.    Upon appeal from a judgment in favor of plaintiff, and affirming the same, *held,* that the trial judge was right in charging the jury that the facts under plaintiff's version satisfied the statute and the jury were justified in finding to the contrary of defendant's version of the transaction.

The defendant having expressed his assent to becoming the owner of the specific goods there was a sufficient acceptance thereof under section 85(3) of the Personal Property Law, and the subsequent receipt of the goods by a carrier authorized by the defendant to take and transport them to him was a " receipt " as that word is used in the statute.

The goods having come into defendant's hands from the express company in the usual way without any condition or other impediment to full physical possession

there would have been a receipt under the statute had there been of course no prior receipt.

The fact that defendant, opening the package and inspecting its contents, attempted to return the goods for non-conformity with his version of the agreement of sale, was in effect an attempt to repudiate his prior acceptance and was not germane to the question of receipt.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff, entered upon the verdict of a jury.

*Holley & Oxenberg (Myle J. Holley*, of counsel), for appellant.

*Morris E. Gossett*, for respondent.

MULLAN, J. The action is, goods sold and delivered. There was no writing, part payment, or giving of a thing in earnest, and the defendant, while offering a different version of the transaction from that of the plaintiff, placed his main reliance upon the contention that there was neither acceptance nor receipt to satisfy the Statute of Frauds. I think the learned trial justice was right in charging that the facts, under the plaintiff's version, satisfied the statute.

Assuming, as we must, the correctness of respondent's version, the material facts are as follows: The defendant, a Philadelphia merchant, came to the business place, in New York city, of the plaintiff, who is a dealer in leather, and negotiated for the purchase of a certain and particular lot of leather, described as a " job lot." The defendant examined the leather, a bargain was struck at a specified price per foot for the entire lot, the parties shook hands in token of a consummated transaction, and the defendant said: " Ship it down by express — its my order. * * * The goods is mine." No particular express company was referred to. The goods were sent to defendant by the American Express. Concededly, a package of leather sent by plaintiff to defendant by the American Express was received by defendant from the carrier. The defendant's story was that the goods so received were not those purchased. The jury were justified in finding to the contrary.

The requirements of the statute (Pers. Prop. Law, § 85) that are material to this inquiry are that the buyer shall " accept part of the goods," and that he shall " actually receive the same." The word " actually " came into the statute with the Sales Act; it was in the original English statute, and its presence does not affect the accepted meaning of " receipt." I think there can be little or no room for doubt that the defendant expressed " by words or conduct his assent to becoming the owner of those specific goods." Pers. Prop. Law, § 85, subd. 3. Even before the adoption,

with the Sales Act, of the provisions of subdivision 3, a bargaining in substance similar to that here, and much less conclusive in appearance, was held to evidence a sufficient acceptance under the statute. *Cross* v. *O'Donnell*, 44 N. Y. 661. And see *Vietor* v. *Stroock*, 15 Daly, 329. But was there the requisite receipt? I think there was. It is settled law that, unless a buyer expressly authorizes a carrier to make the sort of acceptance that the Statute of Frauds speaks of, the handing over of goods by seller to carrier, whether designated or not, cannot work the statutory acceptance. *Rodgers* v. *Phillips*, 40 N. Y. 519; *Cross* v. *O'Donnell*, 44 id. 661; *Allard* v. *Greasert*, 61 id. 1; Browne Stat. of Frauds (5th ed.), 444; Williston Sales, § 89. Where, however, there has been an acceptance that satisfies the statute, the subsequent receipt of the goods by a carrier authorized by the buyer to take and transport them to the buyer, is a receipt as that word is used in the statute. *Cross* v. *O'Donnell, supra*. In the *Cross* case the buyer had designated a particular carrier, and some importance seems to have been ascribed by the court to that fact. It would seem, though, that not only can that case not be taken as authority for the proposition that a particular carrier *must* be designated, but that the reasoning that underlay the decision there leads to the conclusion that the designation by the buyer of a particular *class* of carrier allows the seller to ship by any carrier of that class. As between acceptance and receipt, the more important of the two requirements, in respect of engaging the personal care and attention of the buyer, is, quite obviously, that of acceptance. The buyer knows what he wants to buy, and if he himself cannot attend to the matter of selection of the goods, and other details of the bargaining part of the transaction, he is apt to be careful in making the choice of a substitute for the actual doing of that part of the business. The personal element does not, on the other hand, enter to any appreciable extent in making a choice of carriers. It, perhaps, would not be open to dispute that had the defendant designated several express companies, a turning over of the goods to any one of them would have worked a receipt under the statute. Does the case change because he permitted plaintiff to ship by *any* express company? I think that, in the circumstances here present, there was a receipt under the statute.

We are not, however, required to rest a holding that there was a receipt wholly upon the turning over of the goods to the carrier. Admittedly, the goods, which the jury have found to be the goods that were bought by the defendant, came into the defendant's hands from the carrier, in the usual way, without any condition or other impediment to full physical possession. That, in my

opinion, was a receipt under the statute, had there been, of course, no prior receipt. The fact that the defendant, after opening the package and inspecting its contents, attempted to return the goods to the plaintiff for non-conformity with his version of the agreement of sale, is not germane to the question of receipt. It was, in effect, an attempt to repudiate his prior acceptance. Where, as here, the acceptance precedes the attempt to work a receipt, the question as to whether there was in fact a receipt reduces itself to the simple inquiry, did the goods come, without reserve, into the buyer's physical possession? An affirmative answer would seem to compel a holding that there was a receipt under the statute.

I have studiously avoided the use of the word " delivery," as experience has shown that that word, when used in connection with a discussion of the " receipt " of the Statute of Frauds, is very apt to lead to confusion of thought. The " delivery " that is a common requisite of sales agreements is, as a concept, a thing wholly apart from the " receipt " of the Statute of Frauds. The former has to do with *performance* under an *enforcible* contract. The latter has to do merely with the *creation* of an enforcible contract. The Statute of Frauds deals solely with the question whether there ever was an enforcible contract, and it has nothing whatsoever to do with the question whether a contract obligation has been carried out. In a given case what may satisfy a performance requirement may satisfy a Statute of Frauds requirement, and conversely, but that is a mere accident and is of no importance.

We are referred to the recent opinion of this court in *Borenco Importing Corp.* v. *Sperber*, 118 Misc. Rep. 563, as intimating that the question of the transfer of title has some necessary relation to questions whether there were acceptance and receipt satisfactory to the Statute of Frauds. We think a careful reading of the opinion will show that there was no intention so to suggest. It must be obvious, from the very fact that intention of the parties alone may govern as to the time when title is to pass (Pers. Prop. Law, § 99), that there is no necessary connection between title passing and a meeting of the requirements of the Statute of Frauds. In the case at bar, for example, we may assume that title would have passed when the bargain was struck, had the contract been without the reach of the statute, but such an assumption would not dispose of the Statute of Frauds defense.

For the reasons stated I recommend affirmance.

Judgment affirmed, with twenty-five dollars costs.

GUY and BIJUR, JJ., concur.

Judgment affirmed.