GEHL BROTHERS MANUFACTURING COMPANY, Respondent,
vs. HAMMOND-OLSEN LUMBER COMPANY, Appellant.

*May 7—June 3, 1924.*

*Frauds, statute of: Delivery under oral agreement: Evidence: Sale to third party before delivery pursuant to oral agreement: Who may question validity of oral agreement: Bona fide purchasers.*

[1. Whether sec. 1684*t*—4, Stats. 1921, contained in the Uniform Sales Act, repeals sec. 2308, relating to the sale of goods or chattels of more than $50 in value, not decided.]   p. 225.

2. The evidence in this case is *held* to show there was not such a delivery, acceptance, or receipt of goods, or a part of them, under an oral agreement, as complied with the requirements of either sec. 1684*t*—4 or of sec. 2308, Stats. 1921.   p. 225.

3. Where plaintiff became a *bona fide* purchaser within the meaning of secs. 1684*t*—25 and 2310, Stats. 1921, under a recorded sale contract of silo staves during the eight days they remained in the seller's possession in a mass and before part of them were delivered to defendant under a previous oral agreement not in compliance with sec. 1684*t*—4 or sec. 2308, the seller, after the sale to plaintiff, had no title to convey to defendant, in view of sec. 1684*t*—23, so that defendant, in accepting the goods thereafter from the seller, was guilty of conversion.   p. 227.

4. Defendant's contention that plaintiff could not raise the issue of the nonenforceability of the oral agreement of sale is not well taken, where plaintiff, after such agreement but before defendant had any semblance of title, became a *bona fide* purchaser.   p. 227.

APPEAL from a judgment of the circuit court for Barron county: W. R. FOLEY, Circuit Judge.   *Affirmed.*

The cause was submitted for the appellant on the brief of *C. E. Soderberg* and *J. W. Soderberg,* both of Barron, and for the respondent on that of *Coe Brothers* of Rice Lake.

JONES, J.   This is an action to recover the value of two silos alleged to have been converted by defendant.

In July, 1920, the *Gehl Brothers Manufacturing Com-*

*pany* sold ten silos to the Consumers Store for the price of $2,679.60, payment being made by $679.60 in cash and a note for $2,000 due April 1, 1921. The bill of sale provided that title to the goods should remain in *Gehl Brothers,* and that that company should have the right to reclaim the goods for the balance of the purchase price. The staves, doors, etc., of which the silos were to be constructed were kept by the Consumers Store in a building separate from their store building. Material for silos of four different sizes was included.

On August 1, 1921, a representative of the defendant *Hammond-Olsen Lumber Company* called at the Consumers Store and negotiations were entered into for the purchase of two of the silos, each of a different size. An approximate price was agreed upon, but no writing was signed by either party, none of the material was moved, and no part of the price was paid.

On August 4, 1921, an agreement was entered into between *Gehl Brothers* and the Consumers Store which recited in part that the sale of the silos had been conditional; that the title remained in *Gehl Brothers;* that the Consumers Store had not paid the note for $2,000, but had given another in place of it; and it was stipulated that the Consumers Store should assign and transfer to *Gehl Brothers* the ten silos, with the provision that the Consumers Store might within sixty days secure title to them by the payment to *Gehl Brothers* of the $2,000 note and interest.

It was further agreed that the Consumers Store should store the silos at its own expense; should keep them insured; and should, in case the $2,000 was not paid within sixty days, lose all right, title, and interest in them. A provision was made whereby the Consumers Store could sell all or any of the silos upon compliance with certain terms. This agreement was registered in the office of the city clerk on August 6th.

Gehl Bros. Mfg. Co. v. Hammond-Olsen L. Co. 184 Wis. 221.

On August 9th the defendant *Hammond-Olsen Company* removed one of the silos from the warehouse with the permission of the manager of the Consumers Store. On December 6th another was removed by the *Hammond-Olsen Company*. Shortly after the removal of the second, the *Hammond-Olsen Company* paid the Consumers Store for the two silos, payment being made by giving credit on a note held by the *Hammond-Olsen Company* against the Consumers Store.

The trial court found as conclusions of law that the transaction of August 1st did not amount to a sale within the meaning of sec. 2308 or sec. 1684*t*—4, Stats. 1921, and gave judgment in favor of plaintiff for the value of the two silos.

Sec. 2308, Stats. 1921, provides:

"Every contract for the sale of any goods, chattels or things in action for the price of $50 or more shall be void unless:

"(1) A note or memorandum of such contract be made in writing and be subscribed by the parties to be charged therewith; or

"(2) Unless the buyer shall accept and receive part of such goods or the evidences or some of them of such things in action; or

"(3) Unless the buyer shall, at the time, pay some part of the purchase money."

Sec. 1684*t*—4, Stats. 1921, provides:

"1. A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"2. The provisions of this section apply to every such

contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made. . . ."

"3. There is an acceptance of goods within the meaning. of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

By the agreement of August 4, 1921, the Consumers Store assigned and transferred to plaintiff all its right and title to the silos and agreed to warrant and defend the title thereto. This agreement was duly registered two days later. There is no question but that it was for full consideration.

It is true that by the agreement the Consumers Store was given the right to sell the silos within a limited time, but it was agreed that such sales should be made on order blanks to be furnished by plaintiff and that the orders were to be accepted by, and settlements were to be made with, and payments in full made to, plaintiff before any delivery should be made to purchasers. None of these conditions were complied with in respect to the attempted sale to defendant. By this agreement, properly recorded, plaintiff acquired perfect title to the goods unless the transaction between the Consumers Store and defendant gave a superior title.

In the oral agreement for a sale on August 1st between the Consumers Store and defendant, no writing or memorandum was made or signed by either party. No delivery of any part of the goods was then made. No payment of any kind was then made. The price was not then determined or agreed upon, since it was understood that a discount from the agreed price was to be allowed, but the amount of this discount was not agreed upon until December 6th, about four months later.

It seems to be conceded in the very able brief of defendant's counsel that, if sec. 2308 is to govern, the oral agreement of August 1st was void as between the parties to it.

Gehl Bros. Mfg. Co. v. Hammond-Olsen L. Co. 184 Wis. 221.

But it is argued that sec. 2308 was repealed by the Uniform Sales Act—sec. 1684t—4, Stats. 1921. There are undoubtedly differences between the two statutes which it is not necessary here to enumerate. The old section has been continued in our statutes, and since the enactment of the Uniform Sales Act has been repeatedly referred to in the decisions of this court. In *Friedman v. Plous,* 158 Wis. 435, at p. 437 (149 N. W. 218), it was said: "We have at present in this state two statutes of fraud relative to the sale of goods or chattels of more than $50 in value;" but it was found unnecessary to decide under the facts whether the later statute on this subject repealed the other, which had long been in force. We have reached the same conclusion in this case.

Under both statutes, where there is no memorandum in writing and no part payment the oral agreement of sale is invalid unless the buyer accepts and receives some part of the goods. In discussing the two statutes it was said in the opinion of Mr. Justice TIMLIN in the *Friedman Case, supra* (p. 438):

"Acceptance and receipt includes a delivery by the vendor. There could be no receipt and acceptance on the part of the vendee unless the vendor delivered the goods. The acceptance and receipt must be intentional, and mere words are not sufficient to establish delivery and receipt."

It is true that on August 9th defendant accepted and received some of the material mentioned in the verbal contract, but this was after the plaintiff had purchased the property in good faith and had acquired title without notice of any claim of the alleged sale to defendant.

It is argued by defendant's counsel that on August 9th, when it received part of the material, it had no notice of the sale to plaintiff, but the agreement and bill of sale had been duly recorded and showed plaintiff's title to the goods. The trial court found that under the proof there was no such delivery, acceptance, or receipt of the goods or part

of them as complied with the requirements of either of the statutes above cited, and we concur in that conclusion.

Counsel for plaintiff rely on another statute as showing the infirmity of defendant's claim of title, namely, sec. 2310, Stats. 1921, which provides as follows:

"Every sale made by a vendor, of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or the creditors of the person making such assignment or subsequent purchasers in good faith; and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the persons claiming under such sale or assignment that the same was made in good faith and without any intent to defraud such creditors or purchasers."

In the Uniform Sales Act there is another statute which deals with the same general subject, and is as follows:

"Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by that person, or by an agent acting for him, of the goods or documents of title under any sale, pledge or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same." Sec. 1684t—25, Stats. 1921.

At the trial there was serious question whether the staves claimed to have been purchased by defendant were identified; they remained in the mass and in the possession of the seller for eight days before any were delivered. Meanwhile plaintiff had become a *bona fide* purchaser without notice of any claim of defendant. Whether sec. 2308 or the Uniform Sales Act governs, there is no theory on which defendant could make any valid claim of title to any of the goods

until August 9th, when delivery of part of them was made. On that date the Consumers Store had no title and could convey no greater right than it then had. Sec. 1684*t*—23, Stats. 1921.

Some claim is made by defendant that by reason of prior transactions and correspondence between plaintiff and defendant the latter had reason to believe that on August 1st the Consumers Store had authority to sell the property in dispute, and that plaintiff was estopped from claiming the contrary; but the trial court found that there were no facts amounting to an estoppel, and we agree with that conclusion.

It is also argued that the plaintiff was a stranger to the transaction between defendant and the Consumers Store and cannot be heard to raise the issue whether the oral agreement between the Consumers Store and defendant was void or not enforceable. Since we have reached the conclusion that plaintiff was a purchaser of the goods for value and in good faith before defendant had any semblance of title, we do not consider this point well taken.

*By the Court.*—Judgment affirmed.