EDWARD C. WRIGHT, APPELLANT, v. MIKE SCHRAM, APPELLEE.

FILED OCTOBER 29, 1931. No. 27881.

*Frost, Nimtz & Cheff* and *Charles F. Bongardt,* for appellant.

*Nickerson & Nickerson,* contra.

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

Rose, J.

This is an action to recover $320 in damages on a claim that defendant withheld from the possession of plaintiff 2,000 bushels of corn which the latter purchased from the former for $1,520. Defendant demurred to the petition. The demurrer was sustained. Plaintiff refused to plead further and the action was dismissed. Plaintiff appealed.

The petition was challenged by the demurrer on the grounds that it did not state facts sufficient to constitute a cause of action and that the transaction pleaded was a verbal contract for corn exceeding $500 in value and unenforceable under the statute of frauds, a provision of which follows:

"A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." Comp. St. 1929, sec. 69-404.

In substance the petition alleges that plaintiff was the owner of 2,000 bushels of corn August 15, 1930; that defendant sold the corn to plaintiff August 5, 1930, for $1,520, "under a verbal agreement wherein the said defendant consented to the immediate resale of said goods by the plaintiff to any person or persons whomsoever, and agreed to place plaintiff in possession of said corn on or before the 15th day of August, 1930, and wherein the plaintiff agreed to pay the said defendant the said price at the time the said possession was given;" that plaintiff, with the knowledge and consent of defendant, sold the corn to a third person August 5, 1930; that defendant was plaintiff's bailee of the corn from August 5, 1930, until August 15, 1930; that plaintiff demanded of defendant delivery and possession of the corn, which were refused; that the value of the corn August 15, 1930, was $1,840; that defendant wrongfully detained possession of the corn from plaintiff to his damage in the sum of $320.

On appeal plaintiff argues that the facts pleaded in the petition are sufficient to show his ownership; to estop defendant from pleading the statute of frauds; to show receipt and acceptance taking the case out of the statute of frauds. These points do not seem to be well taken. A pleading affirmatively disclosing reliance by the pleader upon an oral contract for the sale and purchase of chattels exceeding $500 in value is demurrable, if it does not state facts taking the case out of the statute of frauds. *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339; *Smith v. Aultz,* 78 Neb. 453; *Gill v. Eagleton,* 108 Neb. 179. While the petition states that plaintiff was the owner of the corn, it also shows affirmatively the source of the alleged ownership— a verbal contract unenforceable under the statute of frauds. There was no agreement or memorandum in writing. No part of the purchase price was paid in any manner or form. Plaintiff never had actual possession of any part of the corn. There was no instrument or other token evidencing a symbolical delivery to plaintiff while the corn was in possession of defendant. A mere oral agreement by the seller of a chattel to retain possession of it for the buyer does not constitute a sufficient delivery and acceptance within the meaning of the statute of frauds. 25 R. C. L. 622, sec. 239. There was no sufficient plea of estoppel. Allegations of ownership and bailment were not facts well pleaded but mere conclusions of law, when considered with the petition as a whole. On the face of the record recovery by plaintiff was defeated by the statute of frauds. The demurrer was properly sustained.

AFFIRMED.