MELLEN PRODUCE COMPANY, Appellant, vs. FINK, Respondent.

*April 26—May 25, 1937.*

92

For the appellant there was a brief by *Walsh & Morris* of Washburn, and *William F. Morris* of West DePere, and oral argument by *Charles F. Morris.*

For the respondent the cause was submitted on the brief of *Sanborn, Lamoreux & Pray* of Ashland.

FOWLER; J.  As appears from the preceding statement of facts, the action is replevin to recover possession of lumber and the appellant's complaint was dismissed.  The appellant assigns as error that the court erroneously found that 'the oral agreement of sale referred to in the statement of facts was made.  This finding is amply supported by the evidence.  Nothing more will be said relating to this assignment.  The appellant also assigns as error that the court erroneously determined that its mortgage referred to in the statement of facts was invalid except as to 5,655 feet of the lumber.  This assignment will be treated by first considering whether, as defendant claims, (1) the mortgage is invalid because the description therein is such that the property mentioned therein was incapable of identification, and, if sufficient, whether (2) the sale to the defendant referred to in the statement of facts was void under the statute of·frauds, sec. 121.04, Stats.

(1) Reference to the statement of facts will disclose that the description in the mortgage shows that it covers 1″ and 2″ pine lumber estimated at 100,000 feet, located at the time of its· execution on the forty-acre tract described.  The claim of the defendant that the description is insufficient rests upon the words in the description "from woods run logs from" the specified forty acres.  It is claimed that the evidence shows that the lumber located on the tract was cut from logs

from one hundred twenty instead of forty acres. The evidence as to this is rather confusing, but assuming, as the court found, that some of the lumber was from logs cut on two other forties, it appears from the evidence that prior to the execution of the mortgage Mr. Minton, the president and principal owner of the plaintiff company, acting for the company with another man, examined 1″ and 2″ lumber piled at the portable mill on the described tract, estimated by Minton at 100,000 feet and by the other man at 80,000 feet. Evidence of the man who scaled the lumber as it was sawed shows definitely that there was then at the mill, sawed, piled, and scaled, 71,693 feet of 1″ and 2″ lumber. There is no doubt whatever that the parties understood and intended that the lumber then sawed, piled, and examined was covered by the mortgage. Whether it was all sawed from logs cut from the forty acres described seems immaterial. If the parties supposed it was sawed from logs so cut, and therefore inserted the phrase above quoted in the description, the insertion would not affect the lumber then actually sawed, piled, and examined. The parties may have contemplated that the mortgage would cover lumber thereafter to be sawed. ·But, if they erroneously did so consider, this would not affect the coverage of the lumber already sawed and piled. *Mowry v. White,* 21 Wis. *417. The words "now located" did not refer to logs because the greater part of the logs, whether cut from forty or one hundred twenty acres, were then already sawed. It referred to the lumber then sawed and piled which was then subject to identification. If the defendant, without right under his oral contract of sale, removed that lumber from the place where it was subject to identification and so mingled it with his own lumber that it could not be identified, this does not defeat the plaintiff's action. In such case, under the rule in this state, the plaintiff may take lumber from the common mass. Wells, Replevin, § 209; *Stearns v. Raymond,* 26 Wis. 74; *Eldred v. Oconto Com-*

*pany,* 33 Wis. 133; *Young v. Miles,* 20 Wis. \*615; *Mowry v. White, supra,* p. 421. The judgment in replevin where the plaintiff is a mortgagee is for the return of the property, or, in case return cannot be made, for the amount due on the mortgage. *Smith v. Phillips,* 47 Wis. 202, 2 N. W. 285; *Evans v. Graham,* 50 Wis. 450, 7 N. W. 380. The alternative recovery in such case is of course limited to the value of the property. *Klinkert v. Fulton S. & M. Co.* 113 Wis. 493, 501, 89 N. W. 507.

We are of opinion that the description in plaintiff's mortgage should be construed as limiting coverage to the lumber sawed at the time of its execution. So construed, the mortgage is valid as to such lumber, but ineffective for want of coverage as to lumber sawed thereafter out of logs cut from the described tract because such lumber was incapable of identification. We need not and do not decide whether it was also ineffective as to after-sawed lumber because such lumber was not in existence when it was executed. If, when it was executed, the oral contract of sale had not become effective through "acceptance and actual receipt" of the part of the lumber then inspected by the defendant and pronounced satisfactory, the trial court was not in error in holding the mortgage valid as to the lumber then sawed but not inspected or in holding it ineffective as to the lumber thereafter sawed, but was in error in holding it ineffective as to the lumber that had been inspected by the defendant.

(2) The claim of appellant that the contract was void is based on the ground that it is within the statute of frauds, sec. 121.04. (1), Stats., which provides that "a contract to sell or a sale of any goods . . . of the value of $50 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods, . . . and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be

charged or his agent." Sub. (3) of the section declares that "There is an acceptance . . . when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

Here there was no payment of any part of the purchase price or earnest money, and no memorandum in writing. To constitute a valid sale under the statute there must have been an "acceptance and actual receipt" of a part of the lumber. There was no acceptance and receipt on the day the contract was made. However, to enable acceptance and receipt of part of the goods to vitalize the oral contract, it is not necessary that they occur at the time the contract was made. 27 C. J. p. 242, § 272. The defendant's inspection of the part of the lumber sawed before the mortgage was executed and his announcement that it was satisfactory doubtless constituted an acceptance of a part of the lumber orally agreed to be sold, but the question remains whether there was also an "actual receipt."

The defendant contends that his acceptance of a part of the lumber as above stated also constituted an "actual receipt" and validated the sale because sec. 121.18, Stats., provides that property in goods sold passes when intended by the parties, and sec. 121.19 (4) provides that the parties intend, unless otherwise provided by the contract, that property in the goods sold passes when the goods are in a deliverable state and are unconditionally appropriated to the contract by the parties. He contends that under this rule the inspection and acceptance of the lumber by the defendant passed the title to the property to the defendant, and that this constituted a receipt of goods to take the sale out of the contract. This might be correct had the contract been enforceable in the first instance. But it is pointed out in *Roberts, Johnson & Rand v. Mackowski,* 171 Wis. 420, 422, 177 N. W. 509, that what constitutes delivery in case of an

enforceable contract of sale cannot be invoked to validate a contract unenforceable under the statute for want of acceptance of the goods. With like reason the same may be said respecting receipt by the buyer dependent on passing of title. Mere acceptance of goods as conforming to a contract unenforceable in the first instance does not operate to render the contract enforceable even though the parties intended the acceptance as passing the title. There can be no passing of title until there is an enforceable contract of sale. It is held in *Tonkelson v. Malis,* 119 Misc. 717, 197 N. Y. Supp. 309, 312, that, while intention of the parties alone may govern as to the time of the passing of title under the Uniform Sales Law, there is no connection between this and the meeting of the requirements of the statute; that, assuming that title would have passed had the contract of sale been without the reach of the statute, such assumption does not avoid the defense of the invalidity of the contract. To the same effect is *Broom v. Joselson,* 211 App. Div. 157, 206 N. Y. Supp. 841, 847.

As above stated, there must be under the statute both an acceptance and an "actual receipt" of the goods by the buyer to validate an oral contract of sale where there has been no payment. "Acceptance and receipt includes a delivery by the vendor. There could be no receipt and acceptance on the part of the vendee unless the vendor delivered the goods. . . . Mere words are not sufficient to establish delivery and receipt." *Friedman v. Plous,* 158 Wis. 435, 438, 149 N. W. 218. "There can be no actual receipt on the part of the purchaser in the absence of some affirmative action on his part." *Roberts, Johnson & Rand v. Mackowski, supra.* The delivery essential to receipt must be accompanied by such transfer of possession as the property is susceptible. *Dolan Mercantile Co. v. Marcus,* 276 Pa. 404, 120 Atl. 396. Receipt "presupposes a delivery by the seller and requires some inten-

tional act of receipt on the part of the purchaser." *Friedman v. Plous, supra.* To the same effect is *Northwestern Consol. Milling Co. v. Rosenberg* (C. C. A.), 287 Fed. 785. As far as receipt is concerned, although the inspection of the 66,000 feet by the defendant's son and his expression of satisfaction therewith before the mortgage to the plaintiff was executed constituted an acceptance thereof, there was nothing more than "mere words" to evidence a delivery and receipt thereof, and nothing had then occurred to constitute an acceptance of the 5,500 feet sawed but not yet inspected by the defendant. Acceptance and receipt are separate and distinct acts. They are so considered in both the *Plous* and *Mackowski Cases, supra.* There must be a transfer of possession to constitute receipt. 1 Williston, Sales (2d ed.), § 84; *Castle v. Swift & Co.* 132 Md. 631, 104 Atl. 187; *Stem v. Crawford,* 133 Md. 579, 105 Atl. 780, 783. There may be a transfer of possession although the property remains with the seller. 1 Williston, Sales (2d ed.), § 91. But in such case title and possession must be in the unrestricted control of the buyer, so as not to permit of recall or rescission. *Dolan Mercantile Co. v. Marcus, supra; Urbansky v. Kutinsky,* 86 Conn. 22, 84 Atl. 317; *Castle v. Swift & Co., supra.* A constructive or symbolic delivery may satisfy the necessary transfer of possession to constitute delivery and receipt, in case of articles incapable of actual manual delivery, but in such case the thing done to effect the transfer and delivery must be such as to put "the goods as fully in the actual physical control of the buyer as of any other person." 1 Williston, Sales (2d ed.), § 92.

We are of opinion that under the facts of the instant case nothing was done prior to the execution of plaintiff's mortgage to effect the change of possession and actual receipt essential to render enforceable the oral contract of sale from Martin to the defendant, and that the contract was then

unenforceable under the statute. No sale had been consummated. Many things may be conceived which might have been done that quite likely would have operated to fulfil the requisites of delivery and receipt. A person might have been put in charge by the defendant. A placard placed and maintained on the lumber as soon as it was inspected and accepted would perhaps have answered the purpose, although in such case the seller (Martin) would apparently have retained his lien for the purchase price of the lumber as there was no agreement to extend credit (sec. 121.54 (1) (a)), and was thus in position to prevent the defendant from hauling any of the lumber away until it was paid for, and the buyer (defendant) thus did not have the absolute and complete control of the property essential to constitute transfer of possession while the lumber remained with the seller (Martin). See 1 Williston, Sales (2d ed.), § 91. In the instant case the buyer did not obtain absolute control of the property. He did not obtain such control of the property as prevented the seller from selling and delivering it or mortgaging it to a *bona fide* purchaser. The buyer left the seller in position to perpetrate a fraud upon *bona fide* purchasers, which is the very thing the statute of frauds was first enacted and has ever since been maintained to prevent.

The instant case does not differ in the controlling facts from *Gehl Bros. Mfg. Co. v. Hammond-Olsen L. Co.* 184 Wis. 221, 199 N. W. 147. On April 1st, Gehl Brothers sold Consumers Store ten silos which were delivered and stored by Consumers Store in a separate warehouse, under agreement that Gehl retained title and might reclaim the goods for the unpaid portion of the purchase price. August 1st, Consumers Store orally agreed to sell to Hammond two of the silos. Neither silo was delivered at the time and no purchase money was paid. August 4th, Consumers Store, by writing duly recorded, transferred the ten silos back to Gehl, the property remaining where it was, with right to the Con-

sumers Store to repurchase it within sixty days on payment of the unpaid portion of the original purchase price. On August 9th, Hammond removed one of the silos pursuant to the oral agreement and on December 1st, the other, and paid the Consumers Store for both. Gehl sued Hammond for conversion and recovered.

As the oral contract of sale had not been perfected prior to the execution of the mortgage either by any payment or by an "actual receipt" of any of the lumber agreed to be sold, it was unenforceable. The defendant had acquired no rights thereunder. The owner had lost no rights in the property. He was free to mortgage it to the plaintiff. The mortgage was valid as to the property it covered. What the plaintiff did after the mortgage was filed of record did not serve to render enforceable the oral agreement of sale as to the property covered by the mortgage. The court did not determine the amount due on the mortgage note, and the amount does not appear from the record. It follows that the judgment must be reversed and the case remanded for further proceedings to determine the amount unpaid by Martin upon the mortgage debt and the value of the mortgaged lumber in the condition it was when removed by the defendant, and for entry of judgment for return of the mortgaged property, or for recovery in case return cannot be made, of the amount of the mortgage debt if it be found less than the value found for the mortgaged property, or the value of the mortgaged property if it be less than the amount due upon the mortgage debt.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded for further proceedings as indicated in the opinion.

Fritz, J., dissents.