M. E. BURSON, Plaintiff In Error,

v.

WHISTLER'S, Inc., an Oklahoma corporation; and Rex Whistler, individually, Defendants in Error.

No. 37269.

Supreme Court of Oklahoma.

Oct. 9, 1956.

Lawrence E. Sizemore, Oklahoma City, for plaintiff in error.

Luttrell & Luttrell, Norman, for defendants in error.

HALLEY, Justice.

Parties occupy the same position as they did in the trial court and will be so referred to here.

The plaintiff owned the Southern Floral Shop in Norman, Oklahoma, and rented space from the defendant, Whistler's, Inc. Part of the space was occupied by the shop and part was sub-rented.

Plaintiff alleged in his petition as amended in his first cause of action, that the defendant, Rex Whistler, on the morning of January 21, 1955, and acting for himself or Whistler's, Inc., bought the Southern Floral Shop from the plaintiff for the sum of $7,-500 "walk-out" price; that the sale covered all fixtures and equipment, including a large walk-in immovable refrigerated display box; good will and stock-in-trade; that plaintiff orally agreed with Rex Whistler to operate the shop for defendants until Rex Whistler could take actual possession thereof; that the defendants refused to consummate the deal and that as a result of the breach of the agreement

plaintiff was damaged to the extent of $7,500.

In his second cause of action plaintiff sought $460 for rent that he had to pay.

In the third cause af action plaintiff asked for $2,000 for loss he sustained in not engaging in other employment.

In the fourth cause of action plaintiff sought to restrain the defendants from using the name of the plaintiff.

The plaintiff argues the question of whether the alleged contract was within or without the Statute of Frauds as set out in the first cause of action and makes no point on the three last causes of action. The matter simmers down to the sole question, did possession of the shop pass to the defendants on January 21, 1955? If it did not, the Statute of Frauds controls and the trial court was correct in sustaining a demurrer to the petition. That part of our Statute of Frauds, 15 O.S.1951 § 136, which relates to the sale of personal property is as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

\*    \*    \*    \*    \*    \*

"4. An agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the same time some part of the purchase money; but when a sale is made by auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of sale, the price and the names of the purchaser and person on whose account the sale was made, is a sufficient memorandum."

Plaintiff contends that at least constructive delivery was made to Rex Whistler and that the transaction was taken out of the Statute of Frauds. With this we cannot agree. The only claim of this in the petition consisted of alleged oral statements of Whistler. It would clearly violate the letter and spirit of the Statute of Frauds to permit a deal for an alleged $7,500 to be determined from testimony of participants in an oral transaction. There was no allegation in the petition that Whistler actually took over any of the operations of the shop or accepted or received any of the goods and chattels that made up this floral shop.

The plaintiff relies on Whiteneck & Bassett v. Weaver, 139 Okl. 88, 281 P. 293, but that case can be of no help because in that case the purchaser of the cotton put his tags on each bale of cotton. There was an act of dominion on which he had the right to claim that possession had passed to him. No such situation exists in the case at bar.

We think that the correct rule in cases of this nature is that mere words are not sufficient to establish a receipt where the evidence relied on to show the receipt is the same as that relied on to establish the making of the parol contract. 37 C.J.S., Frauds, Statute of, § 153; Wm. R. Johnston Mfg. Co. v. Hamilton Glass Co., 261 Ill.App. 308; Easley v. Stewart, 131 Miss. 756, 95 So. 525; Wright v. Schram, 121 Neb. 775, 238 N.W. 658; Mellen Produce Co. v. Fink, 225 Wis. 90, 273 N.W. 538. The allegations of receipt and acceptance must be something more than for the alleged purchaser to say orally that he will buy a business and you, the seller, look after it for me. We think the statement made in Shindler v. Houston, 1 N.Y. 261, 49 Am.Dec. 316, is the proper standard in these cases:

"Mere words of contract, unaccompanied by any acts, cannot amount to a delivery. To hold otherwise would be repealing the statute."

There are no allegations of acceptance except as would be shown by the oral statements of the plaintiff. His further claim in the petition that he paid rent negatives this. The plea of acceptance cannot be sufficient when based on the oral statements of the seller alone when the goods have

remained in the physical possession of the seller. An interesting discussion on this question is found in the note in 4 A.L.R. 904. There this significant statement is made by the editor at page 907:

"It has also been declared that those circumstances which ought to be held tantamount to an actual delivery must be so strong and unequivocal as to leave no doubt of the intent of the parties."

The case of Bass, Maxwell & Co. v. Independent Gin Co., 140 Okl. 80, 282 P. 635, relied on by plaintiff is another cotton case and the facts showing that purchaser had accepted the cotton were clearly enough to take the case to the jury. Buyer's tags were placed on the cotton, statement made by buyer that his insurance covered the cotton and his filing a verified claim and proof of loss of the cotton by fire. No such allegations were made in plaintiff's petition here.

Plainly the allegations of plaintiff's petition are not enough to show an acceptance and a receipt of this floral shop by defendants for if every word alleged was properly proven, still the plaintiff would be entitled to no relief since the negotiations were clearly within the Statute of Frauds.

The plaintiff argues that equity should step in and prohibit the defendant from setting up the Statute of Frauds but his allegations do not justify such action. The authorities cited by plaintiff on this point do not uphold the allegations of the petition. In 37 C.J.S., Frauds, Statute of, § 247, p. 754, this statement is found:

"While it has been held in some cases that the doctrine of estoppel is the basis of the rule that the statute of frauds cannot be invoked to perpetrate fraud, and, therefore, that the elements of an estoppel must be present to invoke the rule, it is commonly held that the word 'fraud' as used here means actual, positive fraud, and not mere reliance on the honor, word, or promise of defendant, and is to be distinguished from the use of the word, in connection with equitable estoppel, as synonymous with

'unconscientious' and 'inequitable,' see supra 246. *Thus, in order to justify the exercise of equitable jurisdiction, the fraud complained of must be something more than the mere refusal of a party to perform his agreement, since either party has the right to refuse to execute a parol contract within the operation of the statute, and the exercise of that right is no more a fraud than a breach of any other contract. * * *"* (Emphasis ours.)

and is supported by Alexander v. Alexander, 96 N.J.Eq. 10, 124 A. 523; Newman v. Newman, 103 Ohio St. 230, 133 N.E. 70, 18 A.L.R. 1089; Ward v. Etier, 113 Tex. 83, 251 S.W. 1028.

We think the action of the trial court in sustaining the demurrer to the petition is correct and its judgment is affirmed.